v.

**PEOPLE, Respondent.**

No. 10SC254.

Supreme Court of Colorado,
En Banc.

Feb. 13, 2012.

Philip A. Cherner, Denver, Colorado, Attorney for Petitioner.

Don Quick, District Attorney, Seventeenth Judicial District, Russell Wentworth, Deputy District Attorney, Brighton, Colorado, Attorneys for Respondent.

Ann England, Violeta R. Chapin, Boulder, Colorado, Attorneys for Amicus Curiae Colorado Criminal Defense Bar.

Justice BOATRIGHT delivered the Opinion of the Court.

¶ 1 In this appeal, we review the court of appeals' opinion in *M.T. v. People*, —— P.3d ——, 2010 WL 376525 (Colo.App.2010), to determine whether section 24–72–308(3)(c), C.R.S. (2011), which prohibits the sealing of records pertaining to a conviction involving unlawful sexual behavior, applies to a successfully-completed and dismissed deferred judgment. The court of appeals held that a case dismissed after a deferred judgment constitutes a conviction under the statute and may not be sealed. We likewise conclude that the term conviction includes a deferred judgment for purposes of section 24–72–308(3)(c). Any other construction would render section 24–72–308(3)(c) superfluous. We therefore affirm the court of appeals and return the case with instructions to remand to the trial court to vacate the order sealing the records in M.T.'s criminal case.

## I. Factual and Procedural Background

¶ 2 M.T. was charged in 2004 with sexual assault on a child, § 18–3–405, C.R.S. (2011). He pleaded guilty under terms of a deferred judgment to attempted sexual assault on a child by one in a position of trust, §§ 18–2–101, 18–3–405.3, C.R.S. (2011), an offense for which the factual basis involved unlawful sexual behavior, and the prosecution dismissed the charge of sexual assault on a child.

¶ 3 Four years later, M.T. successfully completed the terms of the deferred judgment and withdrew his guilty plea. Pursuant to the deferred judgment, prosecutors dismissed the charge of attempted sexual assault on a child by one in a position of trust. Thereafter, M.T. filed a civil petition to seal the criminal records associated with his case, pursuant to section 24–72–308(1), C.R.S. (2011). Over the prosecution's objection, the district court granted the petition. That court reasoned that the exception contained in section 24–72–308(3)(c), which prohibits the sealing of "records pertaining to a conviction of an offense for which the factual

basis involved unlawful sexual behavior," does not apply to a successfully-completed and dismissed deferred judgment. The court relied on section 18–1.3–903(2), C.R.S. (2011), which defines "conviction" for purposes of sentencing sex offenders as "conviction after trial by court or jury or acceptance of a plea of guilty."

¶ 4 The court of appeals reversed. The majority held that files in a case dismissed after a deferred judgment contain records pertaining to a conviction and therefore the statutory exception precluded the sealing of M.T.'s records. *M.T.*, —— P.3d at ——. In dissent, Judge Webb concluded that the successful completion of a deferred judgment voids the conviction ab initio, eliminating any basis for invoking the statutory exception. *Id.* at ——. We granted certiorari and now affirm the court of appeals.[1]

## II. Analysis

### A. The Issue

¶ 5 Colorado's sealing statute, section 24–72–308, allows the sealing of arrest and criminal records in three instances: (1) when the person was not charged; (2) when the case was completely dismissed; and (3) when the person was acquitted:

[A]ny person in interest may petition the district court of the district in which any arrest and criminal records information pertaining to said person in interest is located for the sealing of all of said records, except basic identification information, if the records are a record of official actions involving a criminal offense for which said person in interest was not charged, in any case which was completely dismissed, or in any case in which said person in interest was acquitted.

§ 24–72–308(1)(a)(I).

¶ 6 After providing for a petition to seal in these three instances, the statute prohibits the sealing of records for several categories of offenses, including records pertaining to convictions for which the factual basis in-

---

1. We granted certiorari to consider:
   Whether a successfully completed deferred judgment for a sex offense is a "conviction" for purposes of section 24–72–308(3)(c), C.R.S.

(2010), which bars the sealing of criminal records pertaining to convictions involving unlawful sexual behavior.

volved unlawful sexual behavior ("Exception (3)(c)"):

> This section shall not apply to records pertaining to a *conviction* of an offense for which the factual basis involved unlawful sexual behavior, as defined in section 16–22–102(9), C.R.S.

§ 24–72–308(3)(c) (emphasis added).

¶ 7 It is undisputed that "attempted sexual assault on a child by one in a position of trust," the offense to which M.T. pleaded guilty as part of the deferred judgment, is an offense for which the factual basis involved "unlawful sexual behavior" as defined by section 16–22–102(9). The People assert that the records in this case are "records pertaining to a conviction of an offense for which the factual basis involved unlawful sexual behavior," and, therefore, M.T. is statutorily ineligible to petition to seal his records. M.T. argues that his records do not pertain to a conviction because the charge against him was dismissed when he completed the terms of the deferred judgment. The question we must answer is whether a successfully-completed and dismissed deferred judgment for an offense involving unlawful sexual behavior constitutes a "conviction" within the language of Exception (3)(c) so that records pertaining to the deferred judgment may not be sealed. To answer this question, we must construe the term "conviction" for purposes of Exception (3)(c).

## B. Standard of Review

■■■■ ¶ 8 The construction of a statute is a question of law which this court reviews de novo. *People v. Madden,* 111 P.3d 452, 457 (Colo.2005). Our fundamental responsibility in construing a statute is to ascertain and give effect to the purpose and intent of the General Assembly in enacting it. *Alvarado v. People,* 132 P.3d 1205, 1207 (Colo.2006). To discern that intent, we look first to the language of the statute. *People v. Dist. Court,* 713 P.2d 918, 921 (Colo.1986). If the language of the statute is clear, we interpret the statute according to its plain and ordinary meaning. *Hernandez v. People,* 176 P.3d 746, 751 (Colo.2008). Only if the language is ambiguous may we look to external aids in construction. *Id.* "The language at

issue must be read in the context of the statute as a whole and the context of the entire statutory scheme." *Jefferson Cnty. Bd. of Equalization v. Gerganoff,* 241 P.3d 932, 935 (Colo.2010). "Where possible, the statute should be interpreted to give consistent, harmonious, and sensible effect to all its parts." *Dist. Court,* 713 P.2d at 921.

## C. Construction of the Sealing Statute

■■■ ¶ 9 We begin our review by looking at the language of the statute. The sealing statute itself does not define "conviction." Nevertheless, the structure and evolution of the statutory scheme compel the conclusion that the term "conviction" in Exception (3)(c) must include deferred judgments.

¶ 10 Entitled "sealing of arrest and criminal records other than convictions," the statute allows an interested person to petition for sealing when the person 1) was "not charged," 2) was "acquitted," or 3) had a case "completely dismissed." By its own terms, the sealing statute does not contemplate the sealing of records relating to any kind of conviction. However, a person with a conviction may become eligible to petition for sealing if, by some means, the case is later "completely dismissed." A deferred judgment and sentence creates such a situation.

¶ 11 In a deferred judgment and sentencing arrangement, the court accepts a defendant's plea of guilty, but defers judgment and sentencing for a specified period to allow the defendant to complete stipulated conditions akin to those of probation. § 18–1.3–102(2), C.R.S. (2011). The court's acceptance of the guilty plea yields a conviction. *See* § 16–7–206(3), C.R.S. (2011) (trial court's acceptance of guilty plea "acts as a conviction for the offense"); *see also Hafelfinger v. Dist. Court,* 674 P.2d 375, 377 (Colo.1984) (acceptance of guilty plea as part of deferred sentence constitutes a conviction for purposes of a bail bond statute that did not separately define the term); *Jeffrey v. Dist. Court,* 626 P.2d 631, 635 n. 4 (Colo.1981) (court's acceptance of guilty plea in exchange for deferred judgment and sentence constitutes a conviction for purposes of double jeopardy); *People v. Allaire,* 843 P.2d 38, 41 (Colo.App.1992) (prohibition on persons pre-

viously convicted from possessing weapons applies to a guilty plea and deferred judgment). A breach of any condition of the arrangement results in entry of judgment and the imposition of sentence upon the guilty plea. § 18–1.3–102(2).

¶ 12 Upon full compliance with the terms of the deferred judgment, the guilty plea is withdrawn "and the charge upon which the judgment and sentence of the court was deferred [is] dismissed with prejudice." *Id.* Thus, generally, a successfully completed and dismissed deferred judgment would enable a defendant to petition to seal records under the "completely dismissed" category of the sealing statute. However, the General Assembly has excepted certain categories of convictions from sealing.

¶ 13 In one category, the General Assembly prohibits the sealing of records relating to sexual offenses. Exception (3)(c) prohibits the sealing of records "pertaining to a conviction of an offense for which the factual basis involved unlawful sexual behavior." § 24–72–308(3)(c). Because the sealing statute does not allow records relating to *any* conviction to be sealed, the only logical reason for the General Assembly to include such an exception is to address those convictions which are later "completely dismissed," thereby bringing them within the language of the statute, i.e. deferred judgments.

■ ¶ 14 In the context of the statute as a whole, an exception precluding the sealing of records "pertaining to a conviction" would be meaningless if the term "conviction" were not construed to include "deferred judgment." In simplest terms, if conviction excludes deferred judgments, the statute would prohibit the sealing of *all convictions, and specifically* sexual assault *convictions.*[2] Such a construction would render Exception (3)(c) superfluous.[3] We avoid constructions that render any term superfluous or any result illogical. *Madden,* 111 P.3d at 457 (we give effect to every word and avoid constructions that render any term superfluous); *Frazier v. People,* 90 P.3d 807, 811 (Colo. 2004) (we avoid interpretations that lead to an illogical or absurd result). We therefore conclude that the term "conviction" includes deferred judgments for purposes of Exception (3)(c).

¶ 15 The evolution of Exception (3)(c) confirms our understanding of the legislature's intent. In 1992, the sealing statute provided, as it does today, that a person may seek to seal records relating to criminal offenses 1) which were not charged, 2) which were completely dismissed, or 3) for which the person was acquitted. Exception (3)(c) was added in 1992 to prohibit the sealing of records relating to sexual offenses, and records pertaining to deferred judgments were specifically mentioned:

> This section shall not apply to records pertaining to any sexual assault offense as defined in part 4 of article 3 of title 18, C.R.S., where a plea of guilty or nolo contendere has been entered, a plea agreement has been made, or arrangements

2. To further illustrate this point: if, hypothetically, Exception (3)(c) did not exist, a person convicted of a sexual offense by judge, jury, or a plea of guilty would not be eligible to petition to seal his or her records because the sealing statute does contemplate the sealing of convictions. Therefore, it would not be necessary for the General Assembly to include an exception in the sealing statute for convictions for sexual offenses. To have meaning, the General Assembly's inclusion of Exception (3)(c) must be interpreted to apply to successfully-completed and dismissed deferred judgments, which bring convictions that are otherwise excluded by the terms of the sealing statute within the category of cases "completely dismissed."

3. A conviction that is reversed on appeal and results in an acquittal falls within the terms of the sealing statute, allowing the person acquitted

to petition to seal records. If Exception (3)(c) is construed to include acquittals, it would prohibit a person acquitted of an offense involving unlawful sexual behavior from petitioning to seal records. We see possible constitutional implications with such a construction. *See Davidson v. Dill,* 180 Colo. 123, 130–31, 503 P.2d 157, 161 (1972) (acknowledging acquitted person's constitutional right to privacy in arrest records and holding that a court must balance this right against the state's interest in maintaining such records for law enforcement). We therefore consider a definition of conviction that includes deferred judgment to be the only logical use of the term "conviction" in Exception (3)(c). *See People v. Thomas,* 867 P.2d 880, 883 (Colo.1994) ("When possible, statutes are to be construed in such manner as to avoid questions of their constitutional validity.").

have been made for *deferred judgment, deferred prosecution, or deferred sentencing* or where the defendant has been convicted of the offense.

Ch. 168, sec. 7, § 24–72–308, 1992 Colo. Sess. Laws 1103, 1106 (emphasis added). The cross-referenced definition of sexual assault offenses did not include deferred judgments or deferred sentences. *See* 18–3–411(1), 8B C.R.S. (1986 & Supp.1991) (defining unlawful sexual offenses). Thus, records pertaining to deferred judgments were excepted from sealing by virtue of the language in Exception (3)(c) itself.

¶ 16 In 1996, Exception (3)(c) was amended to cross-reference the definition of unlawful sexual behavior in Colorado's sex offender registration provision (section 18–3–412.5):

This section shall not apply to records pertaining to a conviction of an offense for which the factual basis involved unlawful sexual behavior, as defined in section 18–3–412.5(1), C.R.S.

Ch. 280, sec. 13, § 24–72–308, 1996 Colo. Sess. Laws 1578, 1587. The cross-referenced definition included deferred judgments:

(1) ... "unlawful sexual behavior" is defined as:

. . . .

(v) *A deferred judgment and sentence* for any of the offenses specified in paragraphs (a) to (u) of this subsection (1).

Ch. 280, sec. 4, § 18–3–412.5, 1996 Colo. Sess. Laws 1578, 1581–83 (emphasis added). Consequently, records pertaining to deferred judgments were still excepted from sealing by virtue of the definition in the sex offender registration provision.

¶ 17 In 2002, the General Assembly passed the Colorado Sex Offender Registration Act, relocating sex offender registration to a newly created Title 16, Article 22 and limiting the old sex offender registration provision to the penalties for failure to register. *See* ch. 297, sec. 1, § 16–22–101, 2002 Colo. Sess. Laws 1157, 1157–1178; ch. 297, sec. 2, § 18–3–412.5, 2002 Colo. Sess. Laws 1157, 1179–80. Exception (3)(c) was also amended in an attempt to correct the cross-reference, and now states:

This section shall not apply to records pertaining to a conviction of an offense for which the factual basis involved unlawful sexual behavior, as defined in section 16–22–102(9), C.R.S.

Ch. 297, sec. 33, § 24–72–308, 2002 Colo. Sess. Laws 1157, 1190.

¶ 18 Section 16–22–102 contains the definitions for the Colorado Sex Offender Registration Act. Subsection 102(9) lists all the offenses that constitute unlawful sexual behavior, but does not mention deferred judgments. The reference to deferred judgments now appears in subsection 102(3) where the Sex Offender Registration Act defines conviction as

having received a verdict of guilty by a judge or jury, having pleaded guilty or nolo contendere, having received a disposition as a juvenile, having been adjudicated a juvenile delinquent, or *having received a deferred judgment and sentence* or a deferred adjudication.

§ 16–22–102(3) (emphasis added).

¶ 19 Given the history of the statutory amendments to Exception (3)(c) and the fact that the General Assembly has consistently cross-referenced sex offender registration in crafting Exception (3)(c), we conclude that the legislature intended to incorporate the definition of conviction contained in the Sex Offender Registration Act. There, as in the past, conviction includes deferred judgment.

¶ 20 We are not persuaded by the argument that, had the General Assembly wanted to exclude records pertaining to deferred judgments from sealing in cases involving unlawful sexual behavior, it would have specifically cross-referenced section 16–22–102(3) when it amended Exception (3)(c) in 2002. When read as a whole, the statutory scheme supports only one logical interpretation—conviction must be read to include deferred judgments—and this interpretation is confirmed by the General Assembly's consistent reference to deferred judgments as the statute evolved. The absence of a cross-reference to the definition of conviction in

section 16–22–102(3) does not change that logic.[4]

## D. Application to M.T.

¶ 21 M.T. pleaded guilty under terms of a deferred judgment to attempted sexual assault on a child by one in a position of trust, an offense for which the factual basis involved unlawful sexual behavior. Under our holding today, Exception (3)(c) makes M.T. statutorily ineligible to petition to seal his records. The trial court should have denied his petition.

## III. Conclusion

¶ 22 We hold that the term conviction includes a deferred judgment for purposes of Exception (3)(c) to the sealing statute, section 24–72–308. We therefore affirm the judgment of the court of appeals and return the case with instructions to remand to the trial court to vacate the order sealing the records in M.T.'s criminal case.

Justice HOBBS concurs.

Justice MÁRQUEZ dissents.

Justice HOBBS, concurring.

¶ 23 I respectfully concur in the Majority's opinion and the judgment of the court. I write only to add additional detail regarding what the Majority refers to as "the structure and evolution of the statutory scheme." Maj. op. ¶ 9.

¶ 24 In my view, the statutes as amended since 1992 have consistently provided that successfully completed deferred judgments resulting in dismissal cannot be sealed in sexual offense cases. The General Assembly added a specific reference to not sealing convictions and deferred judgments in sexual offense cases in 1992 when it was discussing a mistaken notion that the pre-existing statute allowed sealing of convictions.

¶ 25 Additional examination of the relevant session laws supports affirming the judgment of the court of appeals in this case. In my view, the statutory language of the sealing

statute is not clear in regard to successfully completed deferred judgments and we should turn to our statutory construction tools as a help to determining legislative intent. The term "conviction" in section 24–72–308(3)(c) has no plain meaning, but can reasonably be read either to include or exclude deferred judgments. Thus, we should look to legislative history as an aid to determining the General Assembly's intent. *Hernandez v. People*, 176 P.3d 746, 753–54 (Colo.2008); *Anderson v. Longmont Toyota, Inc.*, 102 P.3d 323, 327–30 (Colo.2004). We look to the provisions of the statutes, wherever they appear, and construe them harmoniously if possible. *Bd. of Directors, Metro Wastewater Reclamation Dist. v. Nat'l Union Fire Ins. Co.*, 105 P.3d 653, 657 (Colo.2005).

¶ 26 The exception to the sealing provision contained in section 24–72–308(3)(c) pertaining to sexual offenses originated with the 1992 act. *See* ch. 168, sec. 7, § 24–72–308, 1992 Colo. Sess. Laws 1103, 1106. Testimony before the House and Senate committees of reference in 1992 shows that legislators believed, incorrectly, that anybody convicted of an offense could qualify for a sealing order under the pre-existing act. The bill's Senate sponsor agreed unequivocally with testimony that

The way the present law is, without this change, if I had committed a sexual assault, if I had pled guilty to it, then I could still . . . seal that record."

*Hearing on H.B. 1195 Before the S. Local Gov't Comm.*, 58th Gen. Assemb., 2d Reg. Sess. (Colo. Mar. 5, 1992) (statement of Kathy Haddock, Colo. Municipal League). The House also heard uncontroverted testimony that "[a]nybody convicted of an offense can get a seal on the record." *Hearing on H.B. 1195 Before the H. Local Gov't Comm.*, 58th Gen. Assemb., 2d Reg. Sess. (Colo. Feb. 3, 1992) (statement of Kathy Haddock, Colo. Municipal League).

¶ 27 This misunderstanding is contradicted by the statute that was in effect. *See* § 24–72–308, C.R.S. (1988 Repl.). Then as now,

---

4. For the same reasons, we decline to find that the definitions in Title 16, Article 22 are express-

ly limited to that article.

convictions could not be sealed but records of accusations not resulting in charges, prosecutions brought but then completely dismissed, and cases resulting in acquittal could be sealed.

¶ 28 Based on the 1992 hearings, it appears that the legislature wanted to be sure that sexual assault convictions could not be sealed and that successfully completed deferred judgments in sexual assault cases could not be sealed. At the very least, the legislature's prohibition against sealing convictions that did not involve a deferred judgment was redundant.

¶ 29 Ambiguity arises from the question of whether "deferred judgments" in sexual offense cases, listed plainly as unsealable from 1992 to 1999, include deferred judgments that the defendant then successfully completed, resulting in dismissal of the case.

¶ 30 We can resolve the ambiguity latent in subsection (3)(c) by turning to additional legislative history from the 1992 act, which indicates clearly that the legislators did indeed intend to prevent sealing of records in sex offense cases that involve successfully completed deferred judgments.

¶ 31 One key witness explained that "completely dismissed" in section 24–72–308(1)(a)(I) had

> been interpreted by the courts to apply to deferred judgments ... [where] your case is completely dismissed if you meet the requirements. The problem with that is that a lot of times you do deferred judgments ... for reasons other than that a case is not worth prosecuting. Sometimes you do them if it's a sexual assault against a child, because parents decide that it's more traumatic for the child to testify ... or because of the child's ability to testify ... all the various types of decisions that go into doing a deferred judgment ... are not intended to be construed as a complete dismissal....

*Hearing on H.B. 1195 Before the H. Local Gov't Comm.*, 58th Gen. Assemb., 2d Reg. Sess. (Colo. Feb. 3, 1992) (statement of Kathy Haddock, Colo. Municipal League). Also, the text of (3)(c) as introduced in the House would have prevented sealing of all

"records pertaining to any sexual assault offense as defined" in the cross-reference. H.B. 1195, sec. 6, 58th Gen. Assemb., 2d Reg. Sess. (Colo. 1992) (printed bill). The House sponsor of the bill amended the bill on the House floor to add the language about plea agreements and deferred judgments, because "the fear was that we were also referring to just if someone was *accused* of sexual assault. That was not the intent...." *Hearing on H.B. 1195 Before the H. Comm. of the Whole*, 58th Gen. Assemb., 2d Reg. Sess. (Colo. Feb. 25, 1992) (statement of Rep. Agler). Subsection (3)(c), as originally enacted, was therefore as broad as possible without including mere accusations.

¶ 32 In 1996, the language on deferred judgments was collapsed into the cross-referenced definition of unlawful sexual behavior, in section 18–3–412.5(1), part of the sex offender registry statute. Ch. 280, secs. 5, 13, §§ 18–3–412.5, 24–72–308, 1996 Colo. Sess. Laws 1578, 1581–83, 1587. In 1998, the legislature moved the relevant content from that subsection (1) into a newly created paragraph (1)(b), and also created a paragraph (1)(c) which noted that for purposes of the cross-referenced section, " 'convicted' includes having pleaded guilty or nolo contendere." Ch. 139, sec. 1, § 18–3–412.5, 1998 Colo. Sess. Laws 389, 390–91. In 1999, the legislature moved deferred judgments from the list of unlawful sexual behaviors in (1)(b) into the definition of "convicted" in (1)(c). Ch. 286, sec. 6, § 18–3–412.5, 1999 Colo. Sess. Laws 1144, 1146–47. This appears to have been merely a bookkeeping move, placing deferred judgments in the same paragraph as no-contest and guilty pleas for the purposes of the sex offender registry statute. No legislative intent was evident to have any effect on the record sealing statute. Finally, in 2002, the legislature reorganized the sex offender registry statute into an entire article of code, article 22 of title 16. Ch. 297, sec. 1, §§ 16–22–101 to –114, 2002 Colo. Sess. Laws 1157, 1157–78. Paragraph (1)(b) became subsection 16–22–102(9), and paragraph (1)(c) became subsection 16–22–102(3). *Id.* § 16–22–102, at 1157–59. Section 16–22–102(3), C.R.S. (2011), currently provides:

> "Convicted" or "conviction" means having received a verdict of guilty by a judge or

jury, having pleaded guilty or nolo contendere, having received a disposition as a juvenile, having been adjudicated a juvenile delinquent, or having received a deferred judgment and sentence or a deferred adjudication.

The legislature changed the cross-reference in the record-sealing exception provision, section 24–72–308(3)(c), referencing the list of unlawful sexual behaviors, to the list's new location, in subsection 16–22–102(9). Ch. 297, sec. 33, § 24–72–308, 2002 Colo. Sess. Laws 1157, 1190. This series of acts reorganizing the statutory provisions, in context, demonstrates that the legislature intended only to make the sex offender registry provisions better organized, and not to have any effect on the record sealing statute.

¶ 33 The legislature intended in 1992 that successfully completed deferred judgments in sex offense cases not be sealable, and no legislative act since has abrogated that intent. Accordingly, I join in the court's judgment.

### Justice MÁRQUEZ, dissenting.

¶ 34 I respectfully dissent. In my view, the majority essentially adds "deferred judgment" to section 24–72–308(3)(c)—language that not only does not appear in that provision, but in fact, was affirmatively removed by the legislature by amendment in 1996. Ch. 280, sec. 13, § 24–72–308, 1996 Colo. Sess. Laws 1578, 1587.

¶ 35 In its opinion, the majority effectively imports into the Title 24 sealing statute a nonexistent cross-reference to the definition of "conviction" in section 16–22–102(3). The majority implies that, in 2002, when the General Assembly amended the cross-reference in the sealing statute to refer to the Colorado Sex Offender Registration Act's definition of "unlawful sexual behavior" in section 16–22–102(9), it inadvertently failed to add a cross-reference to the definition of "convic-

tion" in section 16–22–102(3) as well. Maj. op. ¶¶ 17–19. Rather than attribute such an omission to legislative oversight, I would not interpret the existing term "conviction" to include "deferred judgment," but instead would leave it to the legislature to broaden the exception in section 24–72–308(3)(c) to include deferred judgments or to formally incorporate the definition of "conviction" in section 16–22–102(3), which expressly includes deferred judgments. As M.T.'s counsel conceded at oral argument, the legislature has the authority to do so if it wishes, and may thereby bar the sealing of records of successfully completed and dismissed deferred judgments involving unlawful sexual behavior.[1] But in the absence of such express legislative intent to include deferred judgments in section 24–72–308(3)(c), I believe this court oversteps its bounds by adding words to that provision. *See Montez v. People*, 2012 CO 6, ¶ 19, 269 P.3d 1228("In respecting the legislature's phrasing, we do not add words to a statute that simply are not there."). I find the majority's effort to do so particularly troubling here, where it acknowledges that the legislature previously removed "deferred judgment" from this provision of the sealing statute. Maj. op. ¶¶ 15–16. I also find it troubling given that the defense bar presumably has advised criminal defendants regarding deferred judgment and sentencing arrangements in reliance on the plain language of the sealing statute, which, since 2002, has contained no cross-reference to a broader definition of "conviction."

¶ 36 Our case law acknowledges that the meaning of "conviction" may be interpreted differently depending upon the statute in which it is used and the issue in the particular case. *Hafelfinger v. Dist. Court,* 674 P.2d 375, 376 (Colo.1984). Where the General Assembly wishes to include deferred judgments with convictions, it does so expressly, either by listing deferred judgments in addition to convictions,[2] or by defining "convic-

---

**1.** I note that the sealing of criminal records is not automatic under section 24–72–308, even where a case has been "completely dismissed" or a defendant was acquitted. The court still must balance the harm to the petitioner's privacy and the dangers of unwarranted adverse consequences to the petitioner against the public inter-

est in retaining the records. § 24–72–308(1)(c), C.R.S. (2011); *R.J.Z. v. People,* 104 P.3d 278, 280 (Colo.App.2004).

**2.** *See, e.g.,* § 16–11.8–102(2), C.R.S. (2011) (defining "domestic violence offender" as a person who "has been *convicted* of, pled guilty to, *or*

tion" in a particular context specifically to include deferred judgments.[3]

¶ 37 As originally enacted, the exception to the sealing statute at issue here specifically included deferred judgments in addition to convictions: "[t]his section shall not apply to records pertaining to any sexual assault offense ... where ... arrangements have been made for deferred judgment, deferred prosecution, or deferred sentencing or where the defendant has been convicted of the offense." Ch. 168, sec. 7, § 24–72–308, 1992 Colo. Sess. Laws 1103, 1106.

¶ 38 As the majority acknowledges, this provision was amended in 1996 to delete the reference to deferred judgments. Maj. op. 16. The provision now refers to "records pertaining to a *conviction* of an offense for which the factual basis involved unlawful sexual behavior," and includes a cross-reference for the definition of "unlawful sexual behavior," but does not define "conviction."

¶ 39 In the absence of a broader definition of "conviction" in section 24–72–308, our case law and Colorado's general criminal statutory scheme indicate that a defendant who has successfully completed the terms of a deferred sentence is no longer "convicted" because the defendant's guilty plea giving rise to the conviction is withdrawn, vitiating the court's earlier acceptance of that plea. *See Hafelfinger*, 674 P.2d at 377 n. 3; *see also* § 18–1.3–102(2), C.R.S. (2011) ("Upon full compliance with such conditions [of the deferred judgment and sentence] by the defen-

dant, the plea of guilty previously entered shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice.").

¶ 40 The majority does not disagree with this notion, but instead, simply stretches the word "conviction" in section 24–72–308(3)(c) to encompass the very words ("deferred judgment") that the General Assembly previously removed from that provision. The majority concludes that it must do so because any other construction would render section 24–72–308(3)(c) meaningless. I respectfully disagree.

¶ 41 In my view, section 24–72–308(3)(c) could be construed to apply to a defendant who is convicted at trial, but whose conviction is reversed on appeal or in postconviction proceedings. In such a scenario, even if the case is later "completely dismissed" or the defendant is ultimately "acquitted" on retrial, a judgment of conviction has entered, and records pertaining to such a conviction could not be sealed under 24–72–308(3)(c). Without opining on the wisdom of such legislation, such a construction gives meaning to the exception in section 24–72–308(3)(c) without adding words to the statute or importing a cross-reference that does not exist.

¶ 42 I agree with the majority that we must avoid statutory interpretations that render words or phrases meaningless. Maj. op. ¶ 14. However, if the term "conviction"

---

received a *deferred judgment* and sentence for any domestic violence offense") (emphasis added); § 18–4–409(4.5), C.R.S. (2011) (revoking driver's license where a person "is *convicted* of, pleads guilty or nolo contendere to, *receives a deferred judgment* or sentence for, or is adjudicated a juvenile delinquent" for a violation of this section) (emphasis added).

3. For example, the legislature defines "conviction" for purposes of Title 42 differently under different circumstances. Section 42–1–102(19) generally defines a "conviction" to include, among other things, a "plea of guilty or nolo contendere" or a "verdict of guilty," but not deferred judgments. §§ 42–1–102(19)(a), (b), C.R.S. (2011). However, for a holder of a commercial driver's license, or the operator of a commercial motor vehicle, the legislature has defined "conviction" more broadly to include a "deferred sentence." § 42–1–102(19)(e)(IV). Other examples exist. *See, e.g.,* § 12–35–

129(1)(b), C.R.S. (2011) (defining "conviction" for purposes of disciplinary actions against dentists and dental hygienists to "*include* [ ] the entry of a plea of guilty or nolo contendere or a *deferred sentence*") (emphasis added); § 16–22–102(3), C.R.S. (2011) (defining "convicted" or "conviction" for purposes of the Colorado Sex Offender Registration Act as "having received a verdict of guilty by a judge or jury, having pleaded guilty or nolo contendere, having received a disposition as a juvenile, having been adjudicated a juvenile delinquent, or *having received a deferred judgment and sentence or a deferred adjudication*") (emphasis added); § 18–3–414.5(1)(b), C.R.S. (2011) (defining "convicted" for purposes of sexually violent predator risk assessment to include "having received a verdict of guilty by a judge or jury, having pleaded guilty or nolo contendere, or *having received a deferred judgment and sentence*") (emphasis added).

in section 24–72–308(3)(c), standing alone, necessarily encompasses a "deferred judgment," the majority's logic renders superfluous the General Assembly's separate reference to "deferred judgment" in the original version of the statute—a conclusion I am unwilling to reach.[4] In my view, the General Assembly's original inclusion of "deferred judgment" cannot be construed as meaningless, nor can its decision to remove that separate reference from subsection (3)(c) be deemed inconsequential.

¶ 43 In short, I would neither impute the failure to add a cross-reference to section 16–22–102(3) to legislative oversight, nor fix the legislature's perceived mistakes from the bench. Thus, in view of the legislature's previous deletion of "deferred judgment" from the sealing statute, and in the absence of express legislative intent to broaden the definition of "conviction" in that provision, I would not effectively import a cross-reference to accomplish that result. Because I do not believe that we are compelled to do so in order to avoid rendering the exception in (3)(c) meaningless, I respectfully dissent.

---

4. Moreover, under the majority's logic, if the term "conviction" must be construed to include "deferred judgment," then it would appear that, contrary to the majority's assertion, *no* records pertaining to any successfully completed and dismissed deferred judgment would be eligible for sealing (regardless of whether the offense pertained to unlawful sexual behavior), as the statute by its terms does not contemplate the sealing of any convictions. Maj. op. ¶¶ 10–12.