· 2012 COA 183

**In the Matter of the Petition of Paige HARTE, Petitioner–Appellant,**

**and**

**Concerning Routt County District Court, Fourteenth Judicial District, Colorado, Respondent–Appellee.**

**No. 11CA1815.**

Colorado Court of Appeals,
Div. V.

Oct. 25, 2012.

Jurdem, LLC, Jennifer R. Zimmerman, Boulder, Colorado, for Petitioner–Appellant.

No Appearance for Respondent–Appellee.

Opinion by Chief Judge DAVIDSON.

¶ 1 Petitioner, Paige Harte, appeals from the trial court's order denying her petition to seal her arrest and criminal records pertaining to an alcohol-related driving offense, under section 24–72–308, C.R.S.2012 (the sealing statute). The issue we address is whether, under that statute, a successfully

completed deferred judgment constitutes a conviction. We hold that it does and, therefore, we affirm.

## I. Background

¶ 2 Petitioner was charged with driving under the influence of alcohol under section 42–4–1301, C.R.S.2012. Pursuant to a plea agreement, she pleaded nolo contendere and received a twelve-month deferred judgment and sentence. By January 2011, she had successfully completed her deferred judgment and sentence, and the court dismissed her case.

¶ 3 Subsequently, petitioner petitioned the court to have her arrest and criminal records sealed pursuant to the sealing statute. The court denied her petition without a hearing, concluding that "entry of a guilty plea ... even pursuant to a stipulation for a deferred judgment, constitutes a conviction and precludes sealing." Petitioner appeals.

## II. Legal Framework

¶ 4 Under the sealing statute, an interested person generally is eligible to seek the sealing of arrest and criminal records, other than those relating to "convictions," in three situations:

¶ 5 (1) when the person was not charged, (2) when the person was acquitted, or (3) when the case was completely dismissed. § 24–72–308(1)(a)(I), C.R.S.2012. The statute also provides certain exceptions to this general rule, including, as relevant here, that the court may not seal criminal records pertaining to a "conviction" for (1) violations of section 42–4–1301(1) or (2), C.R.S.2012, which are alcohol and drug-related driving offenses; (2) sexual offenses; or (3) driving offenses committed by the holder of a commercial driver's license. § 24–72–308(3)(a)(III), (c), (e), C.R.S.2012.

¶ 6 Petitioner argues that because she successfully completed her deferred judgment and sentence, which resulted in the dismissal of her case, she does not have a "conviction" under section 42–4–1301, and the alcohol-related driving offense exception does not apply to her. Therefore, she contends, the trial court erred by ruling that a successfully

completed deferred judgment and sentence for an alcohol-related driving offense constitutes a conviction precluding record sealing under section 24–72–308.

¶ 7 We review the trial court's interpretation of the statute de novo. *See M.T. v. People*, 2012 CO 11, ¶ 8, 269 P.3d 1219. In interpreting statutes, our primary goal is to ascertain and give effect to the legislature's intent. *Id.* When the language of the statute is clear and unambiguous, we apply the statute as written, giving words and phrases their plain and ordinary meanings. *Id.* However, if the language is ambiguous, we may consider extrinsic sources to determine the legislature's intent. *Id.*

## III. "Conviction" Generally

¶ 8 How "conviction" is defined depends on the particular statute in which it is used. *See, e.g., People v. Jacquez*, 196 Colo. 569, 571, 588 P.2d 871, 873 (1979) (because the statute in which it is contained controls its meaning, the definition of "conviction" " 'has run the gamut of proceedings from a plea of guilty or the verdict of a jury' " (quoting *People v. Enlow*, 135 Colo. 249, 255, 310 P.2d 539, 542 (1957))); *see also Hafelfinger v. Dist. Court*, 674 P.2d 375, 376 (Colo.1984) ("The term 'conviction' may be interpreted differently depending upon the statute in which it is used and the issue in a particular case.").

¶ 9 Thus, regardless of any plain meaning, "[t]he keynote is the legislative intent behind the use of the word in the statute in question." *Jacquez*, 196 Colo. at 571 n. 2, 588 P.2d at 873 n. 2 (collecting cases); *see People v. Atencio*, 219 P.3d 1080, 1082 (Colo.App. 2009).

## IV. *M.T.*

¶ 10 The sealing statute does not define "conviction." *See* § 24–72–308. Recently, however, the Colorado Supreme Court interpreted "conviction" as used in the sexual offenses exception to the sealing statute, § 24–72–308(3)(c), which provides that a petitioner may not seal records pertaining to "a conviction of an offense for which the factual

basis involved unlawful sexual behavior." *See M.T.,* ¶¶ 9–19.

¶ 11 The court held that, as used in the sexual offenses exception, the term "conviction" includes a successfully completed and dismissed deferred judgment. *Id.* at ¶ 1. Thus, a petitioner who has had a conviction involving unlawful sexual behavior dismissed after successfully completing a deferred judgment is statutorily ineligible to have those records sealed. *Id.* at ¶¶ 21–22.

¶ 12 In reaching this conclusion, the court initially noted that the sealing statute does not allow records pertaining to any conviction to be sealed. *Id.* at ¶ 10. It also noted that, in a deferred judgment arrangement, a "court's acceptance of [a] guilty plea yields a conviction." *Id.* at ¶ 11; *see People v. Kazadi,* 284 P.3d 70, 75 (Colo.App.2011) (*cert. granted* 2011 WL 4014462 (Sept. 12, 2011)). However, upon successful completion of the terms of the deferred judgment, the guilty plea is withdrawn and the case is dismissed with prejudice. *M.T.,* ¶ 12; *see* § 18–1.3–102(2), C.R.S.2012. Thus, the court concluded, "generally, a successfully completed and dismissed deferred judgment would enable a defendant to petition to seal records under the 'completely dismissed' category of the sealing statute." *M.T.,* ¶ 12.

¶ 13 The court then observed that the legislature excluded certain categories of convictions from this general rule. *Id.* Therefore, the court reasoned, "[i]n the context of the statute as a whole, an exception precluding the sealing of records 'pertaining to a conviction' would be meaningless if the term 'conviction' were not construed to include 'deferred judgment.'" *Id.* at ¶ 14. To interpret the term "conviction" otherwise would result in sexual offenses being treated the same as any other type of offense for sealing purposes, making the sexual offenses exception superfluous. *See id.* at ¶¶ 13–14 nn. 2–3.

## V. Petitioner's Argument

¶ 14 There is a definition of "conviction" in the penalty section of the DUI statute. That definition provides, as relevant here, that a "conviction" includes "having received a deferred judgment and sentence or deferred adjudication; except that a person shall not be deemed to have been convicted if the person has successfully completed a deferred sentence or deferred adjudication." § 42–4–1307(2)(a), C.R.S.2012.

¶ 15 Petitioner contends that *M.T.* is distinguishable from her case, and, therefore, that the penalty statute's definition of "conviction," which excludes a successfully completed deferred judgment, rather than *M.T.*'s definition, should control the definition of "conviction" in the alcohol-related driving offenses exception to the sealing statute. We disagree. For several reasons, we are not persuaded that the legislature intended to import the definition of "conviction" from the DUI penalty statute into the alcohol-related offenses exception to the sealing statute.

¶ 16 1. As discussed, the meaning of the word "conviction" depends on the statute in which the word is used. Here, the penalty statute and the sealing statute are contained in different statutory sections. *See, e.g., People v. Hampton,* 876 P.2d 1236, 1239 (Colo. 1994) ("The meaning of 'conviction' may vary depending on the statute in which it is used."); *Hafelfinger,* 674 P.2d at 377–78 ("conviction" may be interpreted differently based on the statute in which it is used); *Atencio,* 219 P.3d at 1082 ("conviction" may have different meanings in different statutory sections).

¶ 17 2. The two statutes have different purposes. *Compare People v. Wright,* 43 Colo.App. 30, 32–33, 598 P.2d 157, 159 (1979) (purpose of the sealing statute, generally, is to preserve criminal justice records without harmful effects to individuals), *and* Hearings on S.B. 95–127 before the S. Comm. on the Judiciary, 60th Gen. Assemb., 1st Sess. (Jan. 31, 1995) (need for access to records for alcohol- and drug-related driving offenses for which there is a basis of guilt is the concern for public safety) (Hearings on S.B. 95–127), *with* Hearings on H.B. 10–1347 before the H. Comm. on the Judiciary, 67th Gen. Assemb., 2d Sess. (Mar. 11, 2010) (purpose of the penalty statute is to address sentencing and treatment issues regarding repeat alcohol- and drug-related driving offenders) (House Comm. Hearings on H.B. 10–1347).

¶ 18 3. Neither statute cross-references the other. *See People v. Day*, 230 P.3d 1194, 1197 (Colo.2010) (cross-reference in sentence enhancing statute to a statute containing a specific offense shows clear intent for the sentence enhancement provision to apply to that offense); *Frank M. Hall & Co. v. Newsom*, 125 P.3d 444, 451 (Colo.2005) (multiple, specific cross-references show legislative intent to link two statutes); *cf. M.T.*, ¶¶ 15–20 (the legislative history shows consistent cross-referencing from the sealing statute's sexual offenses exception to the sexual offense statute's definitions subsection, despite numerous amendments to both; thus, the court concluded, "the legislature intended to incorporate the definition of conviction contained in the [sex offense statute]," and, in light of the consistent cross-reference to the sex offense statute's definitions subsection, the court further concluded that the absence of a cross-reference to the specific definition of "conviction" within that subsection was of no consequence).

¶ 19 We assume that, had the legislature intended for the later-enacted definition of "conviction" in the DUI penalty statute to apply to the sealing statute, it would have amended one or the other statute, or both statutes, accordingly. *See Colo. Ground Water Comm'n v. Eagle Peak Farms, Ltd.*, 919 P.2d 212, 218 (Colo.1996) ("We 'are not to presume that the legislative body used the language idly and with no intent that meaning should be given to its language.'" (quoting in part *McMillin v. State*, 158 Colo. 183, 188, 405 P.2d 672, 674 (1965))); *compare* § 24–72–308(3)(a)(III) ("a conviction for a violation of section 42–4–1301(1) or (2), C.R.S."), *with* § 24–72–308(3)(c) ("a conviction of an offense for which the factual basis involved unlawful sexual behavior, as defined in section 16–22–102(9), C.R.S.").

■ ¶ 20 4. The relevant legislative history of the recent amendments to the DUI penalty statute does not indicate any intent that the definition of "conviction" apply to another statute. The purpose of the penalty amendments was to promote the consistent imposition and enforcement of alcohol- and drug-related driving offense penalties, particularly as to repeat offenders. *See* House Comm. Hearings on H.B. 10–1347; Hearings on H.B. 10–1347 before the H., 67th Gen. Assemb., 2d Sess. (Apr. 16, 2010) (Full House Hearings on H.B. 10–1347). The "conviction" definition was added to ensure that deferred judgments and sentences were included, so that the courts would more uniformly impose consistent penalties. *See* House Comm. Hearings on H.B. 10–1347. Indeed, the discussions reflect only that the legislature intended for this definition to apply within the four corners of the penalty statute. *See, e.g., id.*; Full House Hearings on H.B. 10–1347; Hearings on H.B. 10–1347 before the S. Comm. on the Judiciary, 67th Gen. Assemb., 2d Sess. (May 3, 2010).

¶ 21 5. To the extent petitioner relies on the rules of statutory interpretation concerning irreconcilable statutes, they are inapplicable; the statutes do not conflict. "Conviction" is defined in the DUI penalty statute to make clear that if an offender successfully completes a deferred judgment arrangement for a first offense and then reoffends, courts must sentence for the second offense as if it was the first. *See* § 42–4–1307(2)(a), (3)-(6), C.R.S.2012. The legislature has separately determined in the sealing statute that, as a matter of law, the public's safety interest in having available an offender's alcohol-related driving record outweighs any privacy interest of that offender. *See* Hearings on S.B. 95–127.

## VI. Our Interpretation

■ ¶ 22 As did the court in *M.T.* concerning the sexual offenses exception to the sealing statute, we conclude that the legislature intended the definition of "conviction" in the alcohol-related driving offenses exception to the sealing statute to include a successfully completed deferred judgment.

### A. Legislative History

¶ 23 The legislative history concerning each exception is helpful. The legislature perceived the same need to bar the sealing of records for the three different categories of offenses: to protect public safety and alert the public as to the identity of offenders who commit sexual offenses, alcohol-related offenses, and commercial driving offenses. To

accomplish this goal, the stated purpose of each exception, according to the legislative history, was to make records pertaining to such offenses available *whenever there was a lawful finding or confession of guilt.* *See* Hearings on H.B. 08–1121 before the H. Comm. on Transportation & Energy, 66th Gen. Assemb., 2d Sess. (Jan. 29, 2008) (records pertaining to convictions concerning commercial driving offenses); Hearings on H.B. 96–1181 before the H. Comm. on the Judiciary, 60th Gen. Assemb., 2d Sess. (Feb. 1, 1996) (records pertaining to convictions of sexual offenses); Hearings on S.B. 95–127 (records pertaining to convictions for alcohol-related driving offenses).

■ ¶ 24 We presume the legislature knows the pre-existing law. *See Leonard v. McMorris,* 63 P.3d 323, 331 (Colo.2003). Thus, we conclude that, understood in this context, the legislative discussions—that records for these selected offenses be precluded from sealing so long as there has been *a finding or confession of guilt*—necessarily reference a deferred judgment and sentence arrangement, regardless of its later successful completion. *See Hafelfinger,* 674 P.2d at 377–78 (a conviction occurs upon the trial court's acceptance of the defendant's plea of guilty); *People v. Kiniston,* 262 P.3d 942, 944–45 (Colo.App.2011) (a conviction is the establishment of guilt by plea or verdict); *see also People v. Darlington,* 105 P.3d 230, 233 (Colo.2005) ("[F]or the purpose of a criminal case [including the availability of a deferred judgment arrangement], a plea of nolo contendere is fully equivalent to a plea of guilty.").

### B. Additional Support for Our Interpretation

¶ 25 We also are persuaded that this is the correct result for two additional reasons.

¶ 26 First, to the extent that the court in *M.T.* decided that, because "convictions" generally are never subject to sealing, the meaning of "conviction" in the context of sexual offenses would be superfluous if it did not include successfully completed deferred judg-

ments, the same logic applies here. *See Larson v. Sinclair Transp. Co.,* 2012 CO 36, ¶ 29, 284 P.3d 42 ("We avoid constructions that would render words of the statute superfluous or yield illogical or absurd results.").

¶ 27 Second, each of the exceptions to the sealing statute is found in the same statutory subsection and contains the same, identically phrased use of the term "conviction." Particularly in light of the legislative discussions, we simply do not accept that the legislature intended that an identical term used in subparts of the same statutory subsection should mean something different when each subpart, according to the legislative history, has the same goal. *See Pulsifer v. Pueblo Prof'l Contractors, Inc.,* 161 P.3d 656, 662 (Colo. 2007) (where the same phrase is used in the same statutory section, the legislature must have intended it to have the same meaning); *People v. Cooper,* 27 P.3d 348, 349 (Colo. 2001) (same). In that regard, although *M.T.* concerned only one of the three uses of the term "conviction," we are persuaded that that same definition should apply here.

¶ 28 Thus, we conclude that the legislature intended the term "conviction" to include petitioner's successfully completed deferred judgment. Consequently, we agree with the trial court that petitioner was statutorily ineligible to seek sealing of those records.

¶ 29 The order is affirmed.

Judge PLANK * concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

¶ 30 Because the definition of "conviction" in section 42–4–1307(2)(a), C.R.S.2012, controls the limitation on sealing arrest and criminal records concerning drug and alcohol related traffic offenses in section 24–72–308(3)(a)(III), C.R.S.2012, the trial court erred in denying the motion to seal. Therefore, and with respect, I dissent.

¶ 31 Under section 24–72–308, C.R.S.2012, entitled "Sealing of arrest and criminal rec-

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2012.

ords other than convictions," "any person in interest may petition the district court ... for the sealing of all of said [arrest and criminal] records ... in *any case which was completely dismissed.*" § 24–72–308(1)(a)(I), C.R.S.2012 (emphasis added). However, as relevant here, the section does not apply to records of a "conviction for a violation of section 42–4–1301(1) or (2)." § 24–72–308(3)(a)(III). Therefore, when deciding whether section 24–72–308 applies, the necessary inquiry is whether the petitioner was convicted under section 42–4–1301(1) or (2), C.R.S.2012.

¶ 32 *M.T. v. People,* 2012 CO 11, 269 P.3d 1219, supports this conclusion. In *M.T.,* a majority of the supreme court interpreted another exception to section 24–72–308, preventing the sealing of "records pertaining to a conviction of an offense for which the factual basis involved unlawful sexual behavior," to include deferred judgments. The majority concluded that the statutory scheme only made sense by drawing the definition of conviction from the statute creating the offense. *M.T.,* ¶ 19. Even though section 24–72–308 did not cross-reference the specific section defining "conviction," *M.T.* at ¶ 20, the sexual offenses exception would be meaningless "if the term 'conviction' were not construed to include 'deferred judgment'" as in the Sex Offender Registration Act. *Id.* at ¶ 14.

¶ 33 Here, as in *M.T.,* when deciding whether section 24–72–308(3)(a)(III) applies, I would look to the statute creating the underlying offense. This statute, relating to traffic offenses involving alcohol and drugs, includes a definition of "conviction" that *excludes* successfully completed deferred judgments: "having received a deferred judgment and sentence or deferred adjudication; *except that a person shall not be deemed to have been convicted if the person has successfully completed a deferred sentence or deferred adjudication.*" § 42–4–1307(2)(a) (emphasis added).

¶ 34 A practical example shows how the policy behind section 24–72–308 also supports this approach. If petitioner were asked on an employment application whether she had ever been convicted under section 42–4–1301, C.R.S.2012, she could honestly answer "no."

Nevertheless, the majority would apply the exception in section 24–72–308(3)(a)(III) just as if petitioner had been convicted. Therefore, petitioner would not have the protections of section 24–72–308(1)(f)(I), C.R.S.2012 ("An applicant ... in answer to any question concerning arrest and criminal records information that has been sealed ... may state that no such action has ever occurred."). And even though she was never convicted, employers could obtain records from the petitioner's court proceedings, on the basis of which her employment could be terminated for resume fraud. *See Crawford Rehab. Serv., Inc. v. Weissman,* 938 P.2d 540, 547–48 (Colo.1997) (holding that resume fraud is a defense to employer liability in a wrongful discharge suit). As preventing such harm is among the purposes of section 24–72–308, *People v. Wright,* 43 Colo.App. 30, 32–33, 598 P.2d 157, 159 (1979), "the statutory scheme supports only one logical interpretation," *M.T.,* ¶ 20,—interpreting "conviction" in section 24–72–308(3)(a)(III) to exclude deferred judgments, as does the underlying statute.

¶ 35 Principles of statutory interpretation also urge excluding deferred judgments from the definition of "conviction" in section 24–72–308(3)(a)(III):

- The definition of conviction was added in 2012. Section 24–72–308 was amended, as relevant here, in 1996. In resolving a potential conflict between statutes, the more recently enacted statute prevails. *Jenkins v. Panama Canal Ry. Co.,* 208 P.3d 238, 243 (Colo.2009).

- Section 24–72–308 does not define "conviction." Section 42–4–1307(2)(a) does so for purposes of alcohol and drug related traffic offenses. A specific statute controls a general statute. § 2–4–205, C.R.S. 2012; *Board of County Commis [Commissioner] of County of Boulder v. Hygiene Fire Protection Dist.,* 221 P.3d 1063, 1066 (Colo.2009).

- Section 24–72–308(3), C.R.S.2012, lists "Exceptions." Statutory exceptions are to be narrowly construed. *Colo. Common Cause v. Meyer,* 758 P.2d 158, 161 (Colo.1988).

- In the event of conflict between statutes, they should be construed "so that effect

is given to both." § 2–4–205; *BP America Prod. Co. v. Patterson*, 185 P.3d 811, 813 (Colo.2008). Here, the exception in section 24–72–308(3)(a)(III) can be given effect, without negating the definition of "conviction" in section 42–4–1307(2)(a), by applying the former to all alcohol and drug related traffic offenses, other than those involving a defendant who "has successfully completed a deferred sentence or deferred adjudication."

¶ 36 The absence of a cross reference in section 42–4–1307(2)(a) to section 24–72–308(3)(a)(III) does not diminish this analysis. The supreme court considered and rejected an argument based on a lack of a cross reference in *M.T.*, at ¶ 20. The majority explained that lack of a cross reference did not change its interpretation, and I fail to see why it should here.

¶ 37 Therefore, I would reverse and remand with directions to seal the records.