2012 COA 199

**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of D.S., Juvenile–Appellant.**

**No. 11CA2518.**

Colorado Court of Appeals, Div. VI.

Nov. 8, 2012.

---

* Sitting by assignment of the Chief Justice under the provisions of Colo. Const. art. I, § 5(3), and

§ 24–51–1105, C.R.S.2012.

John W. Suthers, Attorney General, Joseph G. Michaels, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Bauer & Furman, P.C., Oleh Sniezko, Fort Morgan, Colorado, for Defendant–Appellant.

Opinion by Judge LICHTENSTEIN.

¶ 1 Juvenile, D.S., appeals the district court's revocation of his deferred adjudication. We affirm.

## I. Background and Procedural History

¶ 2 In 2009, D.S. pleaded guilty to sexual assault on a child. As part of his plea agreement, D.S. and the prosecution stipulated to a two-year deferred adjudication requiring a sex offender treatment program and other probationary conditions. The day before this two-year period expired, D.S.'s probation officer filed to revoke the deferred adjudication. In response, D.S. moved to dismiss the case, asserting that the district court lacked subject matter jurisdiction. The district court denied D.S.'s motion. D.S. then admitted to violating the conditions of his deferred adjudication, and the court revoked the adjudication and imposed a sentence of two years probation.

¶ 3 Thereafter, D.S. petitioned for review in the Colorado Supreme Court pursuant to C.A.R. 21. The court denied his petition, and this appeal followed.

## II. Standard of Review

¶ 4 Whether a district court has subject matter jurisdiction is a question of law reviewed de novo. *People v. Efferson*, 122 P.3d 1038, 1040 (Colo.App.2005). Similarly, questions of statutory interpretation are reviewed de novo. *M.T. v. People*, 2012 CO 11, ¶ 8, 269 P.3d 1219, 1221.

## III. Discussion

¶ 5 On appeal, D.S. does not dispute the basis for the revocation of his deferred adjudication. Rather, he contends that the district court lost jurisdiction over his deferred adjudication because it did not find good cause to extend the adjudication beyond one year, as required by the juvenile deferred adjudication statute. Consequently, he argues, the court lacked subject matter jurisdiction to revoke his deferred adjudication. We disagree.

### A. Procedural Bar

¶ 6 As an initial matter, we reject the People's contention that D.S.'s claim is procedurally barred on appeal.

¶ 7 The People contend that D.S. waived his jurisdictional challenge, because he (1) stipulated to a two-year deferred adjudication period, and (2) did not request, or object to the absence of, an explicit finding of "good cause." Contrary to this contention, a party cannot waive a court's jurisdiction by stipulating to extend a deferred adjudication beyond the statutory maximum. *See People v. Carbajal*, 198 P.3d 102, 105 (Colo.2008) ("[A] trial court lacks authority to impose a deferred judgment outside [statutory] limits."). Further, a party cannot consent to or waive jurisdiction when a court does not have jurisdiction. *See People v. Torkelson*, 971 P.2d 660, 661 (Colo.App.1998). Consequently, we conclude that D.S. did not waive his jurisdictional challenge on appeal. *See People v. McMurtry*, 122 P.3d 237, 240 (Colo.2005) ("[C]hallenges to a trial court's subject matter jurisdiction may be raised at any time.").

¶ 8 We also reject the People's contention that D.S.'s claim is procedurally barred because the supreme court denied review under C.A.R. 21. An order of the supreme court declining to exercise its original jurisdiction under C.A.R. 21 is not a review on the merits of the claims presented and is not a substitute for an appeal. *Bell v. Simpson*, 918 P.2d 1123, 1125 n. 3 (Colo.1996); *People in Interest of J.P.L.*, 214 P.3d 1072, 1077 (Colo.App.2009); *People v. Daley*, 97 P.3d 295, 297 (Colo.App.2004). Thus, the

issue is not barred, and our review is appropriate.

## B. Deferred Adjudication Statute

¶ 9 D.S.'s jurisdictional challenge is premised on his interpretation of the juvenile deferred adjudication statute. That statute, at the time of D.S.'s plea agreement, provided:

> In any case in which the juvenile has agreed with the district attorney to enter a plea of guilty, the court, with the consent of the juvenile and the district attorney, upon accepting the guilty plea, may continue the case for a period not to exceed one year from the date of entry of the plea. The court may continue the case for an additional one-year period for good cause.

Ch. 283, sec. 1, § 19–2–709(1), 1996 Colo. Sess. Laws 1665.[1]

### 1. Timing of "Good Cause" Finding

¶ 10 D.S. contends that the juvenile deferred adjudication statute must be construed to require a district court to make a finding at *the end* of the first one-year period as to whether good cause exists to continue a juvenile's deferred adjudication for an additional year. He asserts that at the end of the first year of his adjudication period, the district court here failed to conduct a hearing to make this determination, and therefore his adjudication period expired and the court lost jurisdiction over his case.

¶ 11 Our goal in interpreting statutes is to give effect to the intent of the legislature. *Montez v. People*, 2012 CO 6, ¶ 7, 269 P.3d 1228, 1230. " 'If the plain language of the statute clearly expresses the legislative intent, then the court must give effect to the ordinary meaning of the [statute].' " *Whitaker v. People*, 48 P.3d 555, 558 (Colo.2002) (quoting *Pediatric Neurosurgery, P.C. v. Russell*, 44 P.3d 1063, 1068 (Colo. 2002)).

¶ 12 The juvenile deferred adjudication statute provides that a "court may continue the case for a period not to exceed one

year from the date of entry of the plea" and that a "court may continue the case for an additional one-year period for good cause." § 19–2–709(1).

¶ 13 D.S. acknowledges that the plain language of the statute does not identify when a good cause determination must be made. He asserts, nonetheless, that the statute's wording created a timeline, which suggested that the legislature intended to require the good cause finding at the end of the first year.

¶ 14 We disagree with D.S.'s reading of the statute. The plain language of the statute does not create a timeline for factfinding by the court. Rather, the statute identifies two time periods for which an adjudication may be continued upon the entry of a guilty plea. *See Carbajal*, 198 P.3d at 106 ("[O]nce the court imposes a deferred judgment, the continuance starts the day the defendant entered his plea."). The court must make a "good cause" determination to support a longer continuation of the adjudication. Because the statute does not direct a court to wait one year before making that determination, we will not read such a restriction into the statute. *See Dubois v. Abrahamson*, 214 P.3d 586, 588 (Colo.App.2009) ("[W]e may not read additional terms into, or modify, the plain language of a statute."). Further, had the legislature intended to impose a timing requirement or a requirement for a subsequent, separate review or hearing for purposes of making a "good cause" determination, it could have written the statute accordingly. *See, e.g.,* § 18–1.3–204(4)(a), C.R.S.2012 (probation terms and conditions may be altered only "[f]or good cause shown and after notice to the defendant" and "after a hearing if the defendant or the district attorney requests it"). Because the legislature did not create such a requirement, we decline to do so.

### 2. Nature of the "Good Cause" Finding

¶ 15 D.S. next contends that even if the statute permitted the court to make its good cause determination when it initially contin-

---

1. The statute was amended in 2012 to extend the time a court may continue a deferred adjudication involving sex offenses. *See* Ch. 268, sec. 18, § 19–2–709(1), (1.5), 2012 Colo. Sess. Laws 1399. Subsequent citations to section 19–2–709(1) refer to the pre–2012 version of that statute.

ued the adjudication, the district court here failed to make an express finding of "good cause," and, for that reason, lost jurisdiction after the first year. Again, we disagree.

 ¶ 16 The plain language of the deferred adjudication statute permits the court to continue an adjudication for an additional year "for good cause." § 19–2–709(1). Thus, the statute requires a court to make a good cause determination even if the statute does not require the court to expressly state on the record that it found "good cause."

¶ 17 However, a court should make sufficient findings on the record to reflect its good cause determination. *See People v. McIntyre,* 789 P.2d 1108, 1110 (Colo.1990) (trial court must make sufficiently clear and detailed findings of fact and conclusions of law on the record to permit meaningful appellate review). Under the circumstances here, although the court did not make an express statement on the record that it found "good cause," we conclude its findings were sufficient to permit appellate review, and further conclude that its findings satisfied the good cause requirement.

¶ 18 Here, the court concluded that the two-year deferred adjudication period was "appropriate." It considered the terms and conditions of the deferred adjudication and the recommendation for sex offender and mental health treatment in the presentence investigation report. It also considered D.S.'s counsel's representation that D.S. agreed to a two-year deferred adjudication to allow him to attend outpatient therapy. The court recognized that the treatment plan was a process and encouraged D.S. to take advantage of it and develop a habit of obtaining treatment so he could have a healthy and happy life.

¶ 19 The hearing transcript demonstrates that the court relied on D.S.'s need for rehabilitative treatment as a basis to continue the adjudication for two years. *See People v. Widhalm,* 642 P.2d 498, 501 n. 4 (Colo.1982) (the "need for additional rehabilitative counseling" might warrant an extension of a de-

fendant's deferred judgment). Indeed, in its subsequent order responding to D.S.'s jurisdictional challenge, the district court noted that it had determined good cause was present "due to the length of time necessary for [D.S.'s] sex offender treatment." Thus, the court's findings established good cause.

¶ 20 Consequently, we conclude that the district court did not lose jurisdiction over D.S.'s case and therefore it had the authority to revoke his deferred adjudication.

¶ 21 The judgment is affirmed.

Judge GABRIEL and Judge KAPELKE * concur.