Alexander M. HARGRAVE and Long Island Vineyards, Inc., a New York Corporation, Plaintiffs-Appellants,

v.

OKI NURSERY, INC., a California Corporation, Defendant-Appellee.

No. 43, Docket 80–7298.

United States Court of Appeals, Second Circuit.

Argued Sept. 4, 1980.

Decided Dec. 19, 1980.

On Petition for Rehearing April 15, 1981.

Before MANSFIELD and MULLIGAN,* Circuit Judges, and NICKERSON, District Judge.**

NICKERSON, District Judge:

The court's opinion of December 19, 1980, held that plaintiffs' first claim, asserting fraud, alleged a "tortious act without the state causing injury to person or property within the state" and thus justified *in personam* jurisdiction over defendant under New York Civil Practice Law and Rules (CPLR) § 302(a)(3). In a petition for rehearing defendant contends that the district court on remand has no power to consider the second through sixth claims, which are based on essentially the same facts as are alleged in the first claim and assert breach of contract, breach of express warranty, breach of implied warranty of merchantability, breach of warranty of fitness for a particular purpose, and negligent performance of the contract. Defendant argues that New York law prohibits consideration of any but the fraud claim and should be applied.

There is no constitutional issue as to whether the district court has subject matter jurisdiction and personal jurisdiction over the defendant with respect to all the claims. The parties are citizens of different states, and defendant clearly had sufficient contacts with New York to justify subjecting it to the entire action in New York. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). However, the New York Court of Appeals in *Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 324, 425 N.Y. S.2d 783, 785, 402 N.E.2d 122, 124 (1980), held that CPLR § 302(a)(3) did not confer jurisdiction over a defendant as to a breach of contract claim factually related to but conceptually independent of the alleged tort giving rise to personal jurisdiction. The

---

* Before leaving the court Judge Mulligan concurred in this opinion.

** United States District Judge for the Eastern District of New York, sitting by designation.

question is whether Congress has authorized the district court, despite the state holding, to adjudicate the claims based on theories different from the fraud theory on which service under CPLR § 302(a)(3) was based.

Rule 4(e) of the Federal Rules of Civil Procedure provides, in pertinent part, that whenever a state statute provides for service of a summons upon a party not an inhabitant of or found within the state, service may be made "under the circumstances and in the manner prescribed in the statute." Accordingly service on defendant was made under CPLR § 302(a)(3), the circumstances being that defendant allegedly committed a fraud without the state causing injury within. This court's opinion establishes that the circumstances alleged satisfied the requirements of § 302(a)(3) and that service on the defendant was valid. The present issue is therefore not whether defendant can be brought before the court, cf. *Arrowsmith v. United Press International*, 320 F.2d 219 (2d Cir. 1963), but whether plaintiffs may now advance as applicable to the same basic facts various legal theories in addition to the fraud theory on which service was based. Rule 4(e) does not address itself to this problem, and we must look elsewhere for an answer.

■ If all of plaintiffs' claims derive from a common nucleus of operative fact such that they would ordinarily be expected to be tried in one judicial proceeding, they comprise one "case" within the meaning of Article III, Section 2, of the United States Constitution. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Of course, the Constitution itself does not confer jurisdiction of a "case" on the district courts. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). However, Congress has implemented Article III by providing in 28 U.S.C. § 1332, so far as pertinent, that the district courts shall have jurisdiction of all "actions" between citizens of different states where the matter in controversy exceeds the requisite sum. Congress used the same wording in granting subject matter jurisdiction over civil "actions" of other

kinds, for example, those asserting a claim arising under the Constitution, laws or treaties of the United States, 28 U.S.C. § 1331, or under the anti-trust laws, 28 U.S.C. § 1337, or under the patent, copyright or trademark laws, 28 U.S.C. § 1338, or under the civil rights legislation, 28 U.S.C. § 1343, or under the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, or under the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 412.

■ The word "action" has been commonly understood to denote not merely a "claim" or "cause of action" but "the entire controversy," and is so used in the Federal Rules of Civil Procedure. *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir.), cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953). Thus where Congress has used the term "actions" or "action" the courts have consistently permitted the district courts to consider state claims where the criteria set forth in *United Mine Workers of America v. Gibbs*, supra, have been met. An "action" has been treated as equivalent to a "case" in the constitutional case. See, e. g., *Hagans v. Lavine*, 415 U.S. 528, 536–43, 94 S.Ct. 1372, 1378–82, 39 L.Ed.2d 577 (1974) (civil rights); *Leon Finker, Inc. v. Schlussel*, 469 F.Supp. 674, 679–80 (S.D.N.Y.) aff'd, 614 F.2d 1288 (2d Cir. 1979) (trademark); *International Controls Corp. v. Vesco*, 593 F.2d 166, 175 n. 5 (2d Cir.), cert. denied, 442 U.S. 941, 99 S.Ct. 2884, 61 L.Ed.2d 311 (1979) (securities); *Klein v. Tabatchnick*, 610 F.2d 1043, 1051 (2d Cir. 1979) (securities); *Rosario v. Amalgamated Ladies' Garment Cutters' Union*, 605 F.2d 1228, 1247 (2d Cir. 1979), cert. denied, 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980) (labor); *Newburger, Loeb & Co., Inc. v. Gross*, 563 F.2d 1057, 1073 (2d Cir. 1977), cert. denied, 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 782 (antitrust).

■ It is therefore clear that by giving jurisdiction over an "action" to enforce a federal right Congress granted the district courts power also to consider state law claims provided they had a nucleus of pertinent facts in common with a substantial federal claim. Indeed, where the "action" is brought under Section 27 of the Securi-

ties Exchange Act of 1934, 15 U.S.C. § 78aa, to enforce a liability under the Act, this court has held that the district courts have personal jurisdiction over defendant as to state law claims although the defendant would not be subject to service in a state action on those claims. *International Controls Corp. v. Vesco*, 593 F.2d 166, 175 n. 5 (2d Cir.), *cert. denied*, 442 U.S. 941, 99 S.Ct. 2884, 61 L.Ed.2d 311 (1979) and cases cited. *See also Robinson v. Penn Central Co.*, 484 F.2d 553, 555–56 (3d Cir. 1973); *Oetiker v. Jurid Werke, G.m.b.H.*, 556 F.2d 1, 4–5 (D.C.Cir.1977).

Presumably Congress used the word "actions" in 28 U.S.C. § 1332, granting diversity jurisdiction, in the same sense as it is used in Section 27 of the Securities Exchange Act of 1934. Use of the same language in various enactments dealing with the same general subject matter, here the jurisdiction of the federal district courts, is a strong indication that the statutes should be interpreted to mean the same thing. *See, e. g., Northcross v. Board of Education*, 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973).

There is no reason of policy requiring a different reading. The federal judiciary has an obvious interest in every litigation in having the whole case tried at one time. *See, e. g., United States v. California & Oregon Land Co.*, 192 U.S. 355, 358, 24 S.Ct. 266, 267, 48 L.Ed. 476 (1904); *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 320, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1924); *United Mine Workers of America v. Gibbs, supra*, 383 U.S. at 725 n. 13, 86 S.Ct. at 1138 n. 13; Rule 18(a) of the Federal Rules of Civil Procedure (permitting a party asserting a claim in a civil action to join "as many claims" as he has). The unified federal courts certainly have a stake in discouraging duplicative litigation not only within a single district but within the entire system. Were plaintiffs prohibited from asserting all their claims in this case they could bring action in a United States district court in California on the claims not heard in New York. That court in its discretion could then transfer the matter to the district court in New York under 28 U.S.C. § 1404, *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805 (1964), or could try part of the controversy in California. In either event burdens would be placed on the federal judiciary and on the litigants hardly serving the goal of a speedy and just determination of litigation.

Neither the Rules of Decision Act, 28 U.S.C. § 1652, nor the principles of *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), require that there be duplicative litigation in New York and in California. The New York State law prohibiting a state court from hearing any but the tort claim concerns "procedure" and not "substantive law," as those terms are customarily used. Since Congress by 28 U.S.C. § 1332 has conferred power on the district courts to try all claims in one "action", that section, like a validly adopted Federal Rule of Civil Procedure, should be applied in accordance with its ordinary meaning. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n. 9, 100 S.Ct. 1978, 1985 n. 9, 64 L.Ed.2d 659 (1980); *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

To allow the litigation of all the claims in this case does not result in any "inequitable administration" of the law by discriminating against citizens of New York so as to raise equal protection concerns. *See Hanna v. Plumer, supra*, 380 U.S. at 468–69 and n. 9, 85 S.Ct. at 1142–43 and n. 9. In instances where a court finds that retention of related claims would work an undue hardship on a defendant the court may decline to entertain those claims, *United Mine Workers of America v. Gibbs, supra*, or may exercise its power to transfer under 28 U.S.C. § 1404.

To be sure, in a limited sense, to authorize the consideration of all plaintiffs' theories in one "action" may encourage plaintiffs to bring suit in a federal rather than a state court in New York. But it is a rare case in which a defendant is subject to long-arm jurisdiction as to some claims and not as to others having a common nucleus of critical fact. Moreover, as noted, since there is diversity of citizenship, plaintiffs would have been free to commence action in the federal court in California, allege the claims other than the fraud claim, and then

move to consolidate in New York. In any event, whatever inducement there is to bring action in a federal rather than a state court in New York stems from Congress' determination in 28 U.S.C. § 1332 to give jurisdiction to the district courts of the entire "action". Congress was certainly entitled to conclude that the federal interest in avoiding duplicative litigation by disposing of an entire controversy in one proceeding outweighed any marginal impingement on state concerns.

The district court, having acquired personal jurisdiction over defendant, has power to determine all of the claims asserted in the complaint.

The petition for rehearing is denied.