UNITED STATES of America,
Plaintiff,

v.

The ATLAS LEDERER COMPANY,
et al., Defendants.

No. C–3–91–309.

United States District Court,
S.D. Ohio,
Western Division.

March 12, 2001.

DECISION AND ENTRY OVERRUL-
ING MOTION TO CERTIFY QUES-
TION FOR IMMEDIATE APPEAL
(DOC. #432) FILED BY DEFEN-
DANT LIVINGSTON & COMPANY,
INC.

RICE, Chief Judge.

This matter comes before the Court upon a Motion to Certify Question for Immediate Appeal (Doc. # 432) filed by Defendant Livingston & Company, Inc. ("Livingston"). The question that Livingston asks the Court to certify for appeal to the Sixth Circuit is whether the Superfund Recycling Equity Act of 1999 applies to private-party contribution claims raised in a pending judicial action initiated by the United States.[1] (*Id.* at 1). In a February 16, 2000, Decision and Entry, the Court answered this question in the negative, concluding that the Act does not apply to such claims for contribution. *See United States v. Atlas Lederer*, 97 F.Supp.2d 830 (S.D.Ohio 2000) (Rice, J.).

Livingston brings its Motion under 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order....

28 U.S.C. § 1292(b).

In order to prevail on its Motion, Livingston must demonstrate: (1) that a controlling legal question is involved; (2) that

---

**1.** The Superfund Recycling Equity Act amends the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.*, by, *inter alia*, exempting from liability many persons who arrange for the recycling of certain materials, including spent batteries. Under certain circumstances, the Superfund Recycling Equity Act provides that a person who "arranged for the recycling" of "recyclable material," which includes spent batteries, will not face liability under CERCLA.

there is "substantial ground for 'difference of opinion' regarding it"; and (3) that an immediate appeal would materially advance the ultimate termination of this litigation. *In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169, 1172 (6th Cir.1992) (quoting *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir.1974)).

Having reviewed Livingston's Motion and the numerous Memoranda filed in response (*see* Doc. 432, 441, 442, 446, 447, 457, 458, 459 and 481), the Court concludes that Livingston has failed to satisfy the second of the foregoing requirements. For the reasons set forth more fully, *infra,* the Court finds no substantial ground for difference of opinion regarding the applicability of the Superfund Recycling Equity Act of 1999 to private-party contribution claims raised in a pending judicial action commenced by the United States. Accordingly, Livingston's Motion to Certify Question for Immediate Appeal (Doc. # 432) will be overruled.

I. *Analysis*

In its February 16, 2000, Decision and Entry, the Court noted that § 127(i) of the Superfund Recycling Equity Act renders that new legislation inapplicable to "any pending judicial action initiated by the United States prior to" its enactment on November 29, 1999.[2] *See Atlas Lederer,* 97 F.Supp.2d at 831. The Court then held that "[t]he present litigation, as a whole, constitutes a *judicial action* initiated by the United States." *Id.* at 833. In reaching this conclusion, the Court reasoned as follows:

> ... [T]he plain language of § 127(i) does not preclude the contribution claims brought by the Respondent

Group. As noted above, § 127 provides that the ... Act does not affect any "pending judicial action initiated by the United States." The present litigation, as a whole, constitutes a *judicial action* initiated by the United States. It would be incongruous to permit the United States to pursue a CERCLA action against Respondent Group while, at the same time, prohibiting members of that Group from seeking contribution through cross-claims and third-party claims. Such a policy would punish the Respondent Group for accepting responsibility and settling with the Government.

Livingston's argument ... fail[s] to recognize the distinction between "actions" and "claims." An "action" may be comprised of numerous "claims," including claims set forth in the initial Complaint, cross-claims, counter-claims and third-party claims. *See, e.g., Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085 (2nd Cir.1992) (noting "that multiple claims and multiple parties may be joined in one 'civil action' "); *Nolan v. Boeing Co.*, 919 F.2d 1058, 1066 (5th Cir.1990), *cert. denied,* 499 U.S. 962, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991) (recognizing that the term "action" means "the entirety of a civil proceeding, which necessarily includes any third-party claims"). Although the present litigation involves many "claims," they all constitute part of the same "pending judicial action" brought by the United States to recover response costs under CERCLA. As a result, the Court rejects Livingston's argument regarding the inapplicability of § 127(i) to the cross-claims and third-party claims for

---

**2.** Former President Clinton signed Superfund Recycling Equity Act into law on November 29, 1999.

contribution under CERCLA asserted by the Respondent Group.

*Id.* at 833.

In support of its Motion to Certify, Livingston insists that the contribution claims that have been asserted against it are separate "actions" initiated by private parties, not by the United States. (Doc. # 432 at 2). Although the Court has rejected that argument, Livingston contends, inter alia, that substantial ground for difference of opinion exists as to the correctness of the Court's February 16, 2000, Decision and Entry. In support, Livingston raises two arguments. *First,* it notes that the issue addressed by the Court was one of first impression. Given that no other court has considered the applicability § 127(i) of the Superfund Recycling Equity Act to private-party cross-claims in a pending judicial action initiated by the United States, Livingston suggests that § 127(i) "will likely be interpreted differently by different courts." (*Id.* at 3). *Second,* Livingston contends that "legislative history" supports its interpretation of § 127(i). (*Id.* at 3–4). Finally, in a separate Memorandum filed in support of Livingston's Motion to Certify, Defendant Burns Iron & Metal Company ("Burns") argues that, in enacting the Superfund Recycling Equity Act, Congress could not reasonably have intended to preclude the Act's applicability to the cross-claims asserted in the present litigation. (Doc. # 447 at 2–8).

Upon review, the Court finds the arguments raised by Livingston and Burns to be unpersuasive for several reasons. *First,* the fact that the Court addressed an issue of first impression in its February 16, 2000, Decision and Entry does nothing to demonstrate a substantial ground for difference of opinion as to the correctness of that ruling. *In re Flor,* 79 F.3d 281, 284 (2nd Cir.1996) (noting that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion"). In determining whether a substantial ground for difference of opinion exists, the Court must evaluate " 'the strength of the arguments in opposition to the challenged ruling[.]' " *Id.* Based on the reasoning set forth, *infra,* as well as in the Court's February 16, 2000, Decision and Entry, the Court is unpersuaded that Livingston has asserted even a colorable argument with respect to its interpretation of § 127(i) of the Superfund Recycling Equity Act. As the Court noted in its prior ruling, Livingston's argument is contradicted by the plain language of the Act. *Atlas Lederer,* 97 F.Supp.2d at 833. *Second,* Livingston's interpretation of the Act is not supported by any true legislative history. The Court fully addressed this issue both in its February 16, 2000, Decision and Entry and in a more recent Decision and Entry overruling a Motion for Partial Summary Judgment filed by another Defendant. (*See* Doc. # 480 at 9–13). *Third,* the Court need not (and should not) resort to legislative history in the present case, as suggested by Livingston, or attempt to discern the intent of Congress, as suggested by Burns, because the pertinent language of the Superfund Recycling Equity Act is unambiguous. As noted above, § 127(i) of the Act provides, in relevant part, that "[t]he exemptions provided in this section shall not affect ... any pending judicial action initiated by the United States prior to the enactment of this section."

The issue raised by Livingston is whether the phrase "judicial action" in § 127(i) encompasses *only* the initial CERCLA claim brought by the United States, or whether it also includes the private-party cross-claims that have been asserted against Livingston, Burns and other Defendants in this litigation. In its February

16, 2000, Decision and Entry, the Court concluded that the plain meaning of the phrase "judicial action" encompassed the entirety of this litigation, including the initial claim brought by the United States *and* the private-party cross-claims for contribution. *Atlas Lederer*, 97 F.Supp.2d at 833. Although Livingston and Burns may disagree with this Court's conclusion regarding the plain meaning of the phrase "judicial action," the Sixth Circuit has foreclosed the possibility of any "substantial ground for difference of opinion" with respect to the correctness of this Court's ruling.

In *Hudson v. Reno*, 130 F.3d 1193 (6th Cir.1997), *cert. denied*, 525 U.S. 822, 119 S.Ct. 64, 142 L.Ed.2d 50 (1998), the Sixth Circuit fully explored the meaning of the phrase "an action" as used in 42 U.S.C. § 1981a, which imposes a statutory cap on compensatory damages in "an action" brought under Title VII. *Id.* at 1199–1201. The appellant in *Hudson* argued that the statutory cap applied separately to each "claim" in a Title VII "action." Upon review, the Sixth Circuit found the appellant's argument to be contrary to the "plain language" of § 1981a. In particular, the Sixth Circuit noted that the damages cap applied to "an action brought by a complaining party," and not to each "claim" brought by such a party. In light of the "plain language" of § 1981a, which specifically referred to "an action" as opposed to "a claim," the *Hudson* court found no need to consider legislative history or contrary Equal Employment Opportunity Commission interpretations of the statute. *Id.* at 1201 ("The foregoing demonstrates the lack of merit in Plaintiff's "per claim" arguments. Simply stated, when a statute is plain on its face, courts should look no further than the statute itself.").

■ In finding that the meaning of the phrase "an action" was not open to interpretation, the Sixth Circuit reasoned as follows:

A "familiar canon of statutory construction is that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980) (emphasis added). Moreover, "words will be interpreted as taking their ordinary, contemporary, common meaning," *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979), so that "[i]n construing a federal statute it is appropriate to assume that the ordinary meaning of the language that Congress employed accurately expresses legislative purpose." *Mills Music, Inc. v. Snyder*, 469 U.S. 153, 164, 105 S.Ct. 638, 645, 83 L.Ed.2d 556 (1985). Therefore, if the words of the statute are unambiguous, the judicial inquiry is at an end, and the plain meaning of the text must be enforced, *United States v. Ron Pair Entrs., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989), because " 'courts must presume that a legislature says in a statute what it means and means in a statute what it says there.' " *Department of Defense v. FLRA*, 510 U.S. 487, 503, 114 S.Ct. 1006, 1016, 127 L.Ed.2d 325 (1994) (quoting *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992)).

In relevant part, Section 1981a plainly [s]tates that "[i]n *an action* brought by a complaining party ... the complaining party may recover compensatory and punitive damages," although "[t]he sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffer-

ing, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, *for each complaining party* ... $300,000." (Emphasis added).

Under the plain language of the statute, the cap on compensatory damages applies to each complaining party in an "action." An "action" is simply a "lawsuit brought in court." Black's Law Dictionary at 18 (6th ed.1991). Similarly, the Federal Rules of Civil Procedure use the term "action" or "civil action" to describe all claims for relief alleged in a single lawsuit. *See* Fed.R.Civ.P. 2 and 3. Put simply, the § 1981a caps apply to each party in an action, not to each claim, and there is nothing in the language of the statute to indicate otherwise. The face of the statute is conclusive and this is the reading of it that the Court must apply....

*Id.* at 1199–1200.

■ The foregoing reasoning from *Hudson* is equally applicable in the present case. Under the plain language of § 127(i), the Superfund Recycling Equity Act does not apply to any pending judicial "action" initiated by the United States. As the Sixth Circuit noted in *Hudson,* "[a]n 'action' is simply a 'lawsuit brought in court.' ... and there is nothing in the language of the statute to indicate otherwise. The face of the statute is conclusive and this is the reading of it that the Court must apply...." *Id.* at 1200. Given that the phrase "an action" is unambiguous on its face, "the judicial inquiry is at an end, and the plain meaning of the text must be enforced ... because 'courts must presume that a legislature says in a statute what it means and means in a statute what it says there.' " *Id.* at 1199 (citations omitted). As a result, the Court may not attempt to divine the intent of Congress in enacting the Superfund Recycling Equity

Act. Nor may the Court interpret the Act, contrary to its plain language, to mean what Livingston and Burns believe that Congress should have said in § 127(i).

■ Having found no substantial ground for difference of opinion regarding the applicability of the Superfund Recycling Equity Act to private-party cross-claims in a pending judicial action initiated by the United States, the Court need not consider whether Livingston can satisfy the other two requirements for certification of an immediate appeal pursuant to 28 U.S.C. § 1292(b). Absent any substantial ground for difference of opinion on the issue raised in Livingston's Motion, it is not entitled to pursue an interlocutory appeal under § 1292(b). *In re Baker & Getty Financial Services, Inc.,* 954 F.2d at 1172 (noting that all three of the requirements set forth in § 1292(b) must be satisfied).

## II. *Conclusion*

Based on the reasoning and citation of authority set forth above, Livingston's Motion to Certify Question for Immediate Appeal (Doc. # 432) is overruled.