2013 COA 66

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Kevin Edward STERNS, Defendant–Appellant.**

**Court of Appeals No. 11CA0676**

Colorado Court of Appeals,
Div. III.

Announced May 9, 2013

Alamosa County District Court No. 09CR105, Honorable Martin A. Gonzales, Judge

John W. Suthers, Attorney General, Nicole D. Wiggins, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by CHIEF JUDGE DAVIDSON

¶ 1 Defendant, Kevin Edward Sterns, appeals from the trial court's mandatory protection order and sentence. We affirm.

## I. Background

¶ 2 Defendant was initially charged with three counts of attempted second degree murder for contracting to have his daughter, his ex-wife, and her current husband killed. The prosecution later amended the complaint to charge solicitation on each count instead of attempt, and to add a count of domestic violence. Before trial, defendant and the prosecution reached a plea agreement in which defendant agreed to plead guilty to an added count of second degree attempted murder, with his ex-wife and her husband as the only named victims, and a crime of violence sentence enhancer in exchange for dismissal of all other charges. The agreement also included a recommended sentencing range of eight to twenty-four years imprisonment.

¶ 3 At the plea hearing, the trial court accepted defendant's plea and entered a mandatory protection order under section 18–1–1001(1), C.R.S.2012, naming defendant's

ex-wife, her husband, and defendant's daughter as protected persons. At the subsequent sentencing hearing, the court sentenced defendant to a term of twenty-four years in the custody of the Department of Corrections.

¶ 4 Defendant appeals.

## II. Mandatory Protection Order

¶ 5 Defendant contends that the trial court lacked statutory authority under section 18–1–1001, C.R.S.2012, to name his daughter as a protected person in the mandatory protection order. We disagree.

¶ 6 This issue presents a question of statutory interpretation, which we review de novo. *See M.T. v. People*, 2012 CO 11, ¶ 8, 269 P.3d 1219. In interpreting statutes, our primary purpose is to ascertain and give effect to the legislature's intent. *Id.* To do so, we look first to the plain language of the statute. *Id.* If that language is clear and unambiguous, we apply it as it is written. *Id.*

¶ 7 Section 18–1–1001(1) creates

a mandatory protection order against any person charged with a violation of any of the provisions of this title [18], which order shall remain in effect from the time that the person is advised of his or her rights at arraignment or the person's first appearance before the court and informed of such order until final disposition of the action. Such order shall restrain the person charged from harassing, molesting, intimidating, retaliating against, or tampering with any witness to or victim of the acts charged.

*See also* § 18–1–1001(3)(e), C.R.S.2012 ("The trial court shall retain jurisdiction to enforce, modify, or dismiss the protection order until final disposition of the action.... [T]he court may, in cases involving domestic violence ... enter ... [a]ny other order the court deems appropriate to protect the safety of the alleged victim or witness.").

¶ 8 The statute defines "until final disposition of the action" to mean "until the case is dismissed, until the defendant is acquitted, or until the defendant completes his or her sentence." § 18–1–1001(8)(b), C.R.S.2012.

¶ 9 Neither party disputes that, had the court entered the required protection order at defendant's first appearance, defendant's daughter would have been included because she was an alleged victim. Defendant argues, however, that once the court dismissed the charge involving his daughter, his daughter was no longer a victim and, therefore, no longer qualified for protection under the statute. Thus, he argues that the protection order naming his daughter should not have continued beyond his plea hearing, when that charge was dismissed. We disagree. The dismissal of some charges, in the context of a plea of guilty to others, is not the dismissal of a "case" or "final disposition of the action" under section 18–1–1001(8)(b).

¶ 10 An "action" "refers to the entire judicial process of dispute resolution, from invocation of the courts' jurisdiction to entry of a final judgment that is not subject to further appeal." *Southwest Airlines Co. v. Ariz. Dep't of Revenue*, 197 Ariz. 475, 4 P.3d 1018, 1020 (Ariz.Ct.App.2000); *see Ames v. Kansas*, 111 U.S. 449, 460, 4 S.Ct. 437, 28 L.Ed. 482 (1884) ("By the [Kansas] Code of Civil Procedure, Dass. Comp. Laws, § 3525, Code, § 4, 'An action is an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.' ... Section 3528, Code, § 7: 'A criminal action is one prosecuted by the state as a party, against a person charged with a public offense, for the punishment thereof.' "); *S.E.C. v. McCarthy*, 322 F.3d 650, 656–57 (9th Cir.2003) ("An 'action' is defined as 'a civil or criminal judicial proceeding,' and more specifically as 'an ordinary proceeding in a court of justice, by which one party prosecutes another party for the enforcement or protection of a right.' " (citation omitted) (quoting in part *Black's Law Dictionary* 28 (7th ed. 1999))).

¶ 11 The term "action" is generally considered synonymous with the term "case." *Trustees of Schs. v. Farnsworth*, 278 Ill.App. 474, 483 (1934); *accord Hargrave v. Oki Nursery, Inc.*, 646 F.2d 716, 719 (2d Cir. 1980); *see Nolan v. Boeing Co.*, 919 F.2d 1058, 1066 (5th Cir.1990); *Ernst v. St. Clair*,

71 Colo. 353, 354, 206 P. 799, 800 (1922) ("action" is synonymous with "legal proceedings").

¶ 12 The terms "case" and "action" are not synonymous, however, with the terms "charge" or "claim." *See People v. Chamberlin*, 74 P.3d 489, 490-91 (Colo.App.2003) (noting the distinction between a case being completely dismissed and dismissal of a charge within a case); *see also Hargrave*, 646 F.2d at 719 ("The word 'action' has been commonly understood to denote not merely a 'claim' or 'cause of action' but 'the entire controversy,' and is so used in the Federal Rules of Civil Procedure."); *United States v. Atlas Lederer Co.*, 174 F.Supp.2d 666, 670-71 (S.D.Ohio 2001) (noting the difference between an action and a claim).

¶ 13 Accordingly, a single case may include several charges. *See Atlas Lederer*, 174 F.Supp.2d at 671 ("[T]he Federal Rules of Civil Procedure use the term 'action' or 'civil action' to describe all claims for relief alleged in a single lawsuit."). Adding or dropping a single charge within a multi-charge case does not dispose of the case. *See Sanoff v. People*, 187 P.3d 576, 577 (Colo.2008) ("[A] final judgment in a criminal case does not come until the defendant is acquitted, the charges are dismissed *in their entirety*, or the defendant is convicted and sentence is imposed." (emphasis added)); *accord People v. Gallegos*, 946 P.2d 946, 950 (Colo.1997); *see Chamberlin*, 74 P.3d at 490 (case was not completely dismissed for sealing purposes even though one of the individual charges had been dismissed).

¶ 14 Thus, here, when the trial court dismissed the charge involving defendant's daughter, it did not thereby dispose of the action against defendant. The action continued pursuant to the plea agreement. Accordingly, we conclude that the trial court's mandatory protection order properly included defendant's daughter.

### III. Sentencing

¶ 15 Defendant contends that the trial court abused its discretion by sentencing him to a twenty-four-year term of imprisonment. Because this sentence falls within the range agreed to under defendant's plea agreement, we do not address this contention.

¶ 16 Section 18–1–409(1), C.R.S.2012, provides that every defendant has the right to have his sentence reviewed by an appellate court, "except that, if the sentence is within a range agreed upon by the parties pursuant to a plea agreement, the defendant shall not have the right of appellate review of the propriety of the sentence." *See People v. Scofield*, 74 P.3d 385, 386-87 (Colo.App.2002); *People v. Garcia*, 55 P.3d 243, 244 (Colo.App. 2002).

¶ 17 Here, the parties stipulated to a sentencing range of eight to twenty-four years in the plea agreement. Therefore, because the court sentenced defendant within that range, we decline to review his sentence.

¶ 18 The order and sentence are affirmed.

JUDGE MÁRQUEZ * and JUDGE ROTHENBERG* concur.