23CA1789 Peo v Palmer 10-16-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1789
Adams County District Court No. 22CR439
Honorable Sharon Holbrook, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Elijah Sebastian Palmer,

Defendant-Appellant.

---

SENTENCE REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE MEIRINK
Fox and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 16, 2025

---

Philip J. Weiser, Attorney General, Caitlin E. Grant, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Robin Rheiner, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Elijah Sebastian Palmer, appeals the portion of the district court's sentence imposing surcharges, costs, and fees.[1]  We reverse the surcharges, costs, and fees portion of the sentence and remand with instructions.

## I.     Factual and Procedural History

¶ 2     Palmer was charged with child abuse resulting in serious bodily injury, a class 3 felony.  He pleaded guilty to second degree assault and criminally negligent child abuse resulting in serious bodily injury, both class 4 felonies.  The district court sentenced Palmer to a controlling term of sixteen years in the custody of the Department of Corrections.

¶ 3     During the sentencing hearing, the court did not address surcharges, costs, or fees.  Although the amended mittimus assessed a total of $1,100.03 in combined costs, it did not provide a cost breakdown.  A breakdown of costs was reflected in the register of actions, however, and included a victim assistance fund surcharge of $163 for the assault charge and another victim

---

[1] Palmer was also sentenced to sixteen years in the custody of the Department of Corrections.  That portion of the sentence, which was not challenged on appeal, remains undisturbed.  *See People v. Thomas*, 2021 COA 23, ¶ 33 n.7.

assistance fund surcharge of $163 for the child abuse count. The register of action listed the other surcharges, costs, and fees assessed against Palmer as follows:

 (1) Victim Compensation Fund $163.00

 (2) Court Costs $35.00

 (3) Court Security Cash Fund $5.00

 (4) Genetic Testing Surcharge $2.50

 (5) Public Defender Accts Rcva $25.00

 (6) Request for Time to Pay $25.00

 (7) Restorative Justice Surcharge $10.00

 (8) Crimes Against Children $500.00

## II. Analysis

¶ 4 On appeal, Palmer argues that the district court erred by imposing a victim assistance fund surcharge on both counts to which he pleaded guilty in contravention of section 24-4.2-104(1)(a)(I), C.R.S. 2025, and by imposing mandatory surcharges and costs outside Palmer's presence without providing him with the opportunity to request a waiver. We agree with both contentions.

### A. Standard of Review

¶ 5   The legality of a sentence is reviewed de novo. *Tennyson v. People*, 2025 CO 31, ¶ 23. A sentence that "is not in full compliance with statutory requirements" is an illegal sentence. *Delgado v. People*, 105 P.3d 634, 636 (Colo. 2005). A sentence not authorized by law may be corrected at any time. *People v. Sanders*, 220 P.3d 1020, 1024 (Colo. App. 2009).

### B. The Victim Assistance Surcharge May Only Be Imposed Once Per Case

¶ 6   Palmer contends that the district court erred by imposing the victim assistance fund surcharge once for each conviction rather than once for the case because "criminal action" as that term is used in section 24-4.2-104(1)(a)(I) means the entire case, not each count. We agree that the surcharge may only be imposed once per case and that the district court erred by imposing it twice.

¶ 7   The victim assistance fund surcharge statute provides that "a surcharge of [$163] for felonies . . . is levied on each criminal action resulting in a conviction . . . and sentence." § 24-4.2-104(1)(a)(I). While the statute does not define "criminal action," prior divisions of this court have held that the term "action" refers to an entire case.

*E.g.*, *People v. Sterns*, 2013 COA 66, ¶¶ 10–13 (stating that "action" "is generally considered synonymous" with "case," but not synonymous with a "charge").  Similarly, Black's Law Dictionary defines "action" as "[a] civil or criminal judicial proceeding," and a "criminal action" as "[a]n action brought by the government to punish an offense against the public."  Black's Law Dictionary 36, 38 (12th ed. 2024).

¶ 8      In addition, other surcharges that use the phrasing "on each criminal action" are imposed once per case.  *See, e.g.*, *People v. Thames*, 2019 COA 124, ¶¶ 70, 73 (implementing "*a* genetic testing surcharge" where defendant was charged and convicted on multiple counts (emphasis added)); § 24-33.5-415.6(3)(a), C.R.S. 2025 ("A cost of [$2.50] is hereby levied *on each criminal action* resulting in a conviction." (emphasis added)).  Thus, we conclude that the victim assistance fund surcharge may be charged only once per criminal action, not once per conviction.

### C.  The District Court Erred by Not Providing Palmer an Opportunity to Request a Waiver of Charges

¶ 9      Palmer contends and the People concede that the district court erred by assessing surcharges, costs, and fees against Palmer

4

without providing him with the opportunity to request a waiver and to demonstrate his indigence.[2]  We agree.

¶ 10    To determine whether the district court imposed a sentence without providing the defendant an opportunity to assert indigency, we must first consider "whether the surcharges levied against [the defendant] are statutorily mandated."  *Waddell v. People*, 2020 CO 39, ¶ 15.  Use of the phrases "shall be required to pay" or "shall be levied" in a surcharge statute "indicates that these surcharges are mandatory in all cases" where the statute applies.  *People v. Ehlebracht*, 2020 COA 132, ¶ 46.  Similarly, the phrase "is hereby levied" creates "an automatic and immediate imposition of the particular surcharges" if "the statutes' triggering circumstances are present."  *Waddell*, ¶ 25.

---

[2] The People note that Palmer does not specifically address the $25 "request for time to pay" fee in his opening brief and contend that we should decline to address it.  Though not raised in the opening brief, he objects to the fee in his reply brief.  *See Snider v. Platteville*, 227 P. 548, 548 (Colo. 1924) (recognizing that an issue raised for the first time in a reply brief is generally not considered but may be considered when "made in reply to the answer brief").  We will consider Palmer's challenge to the time to pay fee assessed as part of his appeal in the interest of judicial economy and because claims of an illegal sentence may be raised at any time.  *See People v. Jenkins*, 2013 COA 76, ¶ 11 ("Claims that a sentence was not authorized by law may be raised at any time.").

¶ 11     Here, Palmer and the People agree that the surcharges, costs, and fees imposed against Palmer were statutorily required.  *See* § 24-4.2-104(1)(a)(I), (c) (relating to the victim's assistance fund, "[a] surcharge . . . of [$163] for felonies . . . is levied on each criminal action"); § 24-4.1-119(1), (1.5), C.R.S. 2025 (relating to the victim's compensation fund, "a cost of [$163] . . . is levied on each criminal action"); § 13-32-105(1)(a), (b), C.R.S. 2025 (noting that a $35 docket fee "shall be charged against the defendant" for court costs); § 13-1-204(1)(b), C.R.S. 2025 (providing that a "[$5] surcharge must be assessed and collected as provided by law . . . on docket fees for criminal convictions" for the court security cash fund); § 24-33.5-415.6(3), (9) (providing that for the genetic testing surcharge, "[a] cost of [$2.50] is hereby levied on each criminal action resulting in a conviction . . . for a felony"); § 21-1-103(3), C.R.S. 2025 (noting that for the public defender accounts receivable charge, an individual applying for the appointment of a public defender "shall pay a nonrefundable processing fee of [$25]" if the public defender enters an appearance in the case); § 16-11-101.6(1), C.R.S. 2025 (providing that if the defendant is assessed any monetary assessments with regard to sentencing and does not pay all

6

amounts assessed in full on the date of the assessment, the defendant "shall pay to the clerk of the court an additional time payment fee of [$25]"); § 18-25-101(1)(a), (4), C.R.S. 2025 (noting that "[e]ach person who is convicted of a crime is required to pay a [$10] surcharge" for restorative justice); § 18-24-102(1), (2)(c), C.R.S. 2025 (providing that "[e]ach person who is convicted of a crime against a child shall be required to pay a surcharge" of $500).

¶ 12     A trial court's failure to impose mandatory surcharges renders the imposed sentence illegal. *Waddell*, ¶ 27; *Yeadon v. People*, 2020 CO 38, ¶¶ 13, 16. When mandated by statute, the "court must . . . impose the [s]urcharges unless it finds the defendant is entitled to a waiver." *Thames*, ¶¶ 73–74; *see also Waddell*, ¶ 26 (recognizing that the trial court may waive certain surcharges upon a finding that the defendant is indigent).

¶ 13     Many of the surcharges and costs assessed against Palmer are statutorily waivable upon a finding of indigency by the district court. *See* § 24-4.2-104(1)(c) (providing that the victim assistance fund surcharge "may not be suspended or waived by the court unless the court determines that the defendant is indigent"); § 24-4.1-119(1.5) (providing that the victim compensation fund

7

surcharge "may not be suspended or waived by the court unless the court determines that the defendant against whom the cost or surcharge is levied is indigent"); § 24-33.5-415.6(9) (noting that the genetic testing surcharge may be waived if the court determines the defendant is indigent); § 21-1-103(3) (noting that the public defender's accounts receivable cost may be waived "if the court determines, based upon the financial information submitted by the party being represented by the court-appointed counsel, that the person does not have the financial resources to pay the fee"); § 18-25-101(4) (recognizing that the court may waive all or a portion of the restorative justice surcharge if the "court finds that a person is indigent or financially unable to pay all or any portion of the surcharge"); § 18-24-103(3), C.R.S. 2025 (noting that the court may waive all or a portion of the crime against a child surcharge if "the court finds that a person convicted of a crime against a child is indigent or financially unable to pay all or any portion of the surcharge").

¶ 14    Although the statutes relating to fees imposed for court costs and the court security cash fund do not expressly mention waiver, these fees may also be waived under Chief Justice Directive 85-31,

Directive Concerning the Assessment and Collection of Statutory Fines, Fees, Surcharges, and Costs in Criminal, Juvenile, Traffic and Misdemeanor Cases, p. 1 (amended Apr. 2025). Under the Directive, where a statute is silent as to waiver, courts have the authority "to waive or suspend the amount only in those instances where the court finds the [d]efendant . . . has no future ability to pay." *Id.*

¶ 15     As noted, the surcharges, costs, and fees imposed against Palmer were mandatory. But because they were imposed outside of Palmer's presence, he was not given the opportunity to request a waiver. Further, the district court never entered a finding concerning Palmer's indigency or inability to pay. We therefore remand the case with instructions for the district court to afford Palmer an opportunity to request a waiver of the surcharges, costs, and fees assessed, keeping in mind that the victim assistance fund surcharge, if it is not deemed waived, may only be charged once.

### III.    Disposition

¶ 16     We reverse the part of Palmer's sentence imposing surcharges, fees, and costs and remand the matter for the court to determine, consistent with this opinion, whether Palmer's obligation to pay

9

some or all of the surcharges, costs, and fees assessed should be waived based on indigency.

JUDGE FOX and JUDGE BROWN concur.