24CA0507 Peo v Bouchard 12-04-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0507
Mesa County District Court No. 18CR252
Honorable Brian J. Flynn, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Leilani Mae Bouchard,

Defendant-Appellant.

---

ORDER AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE LIPINSKY
Dunn and Graham*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 4, 2025

---

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Sean James Lacefield, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Leilani Mae Bouchard appeals the postconviction court's order denying her postconviction motion requesting a sentence reduction — specifically, a reduction in the victims assistance surcharge that the district court imposed under section 24-4.2-104(1)(a)(I), C.R.S. 2025.

¶ 2    Because we agree that the district court incorrectly levied a surcharge on each of her fifteen convictions, rather than a single surcharge for the entire criminal action, we reverse that part of the postconviction court's order and remand the case for correction of the mittimus.  The order is otherwise affirmed.

## I.    Background

¶ 3    A jury found Bouchard guilty of fourteen felony counts and one misdemeanor count.  The district court sentenced her to an aggregate term of twenty years on probation and imposed restitution.  As relevant here, the district court also imposed a $163 surcharge on each of the fourteen felonies and a $78 surcharge on the single misdemeanor.  A division of this court affirmed the judgment of conviction, reversed the district court's restitution order, and remanded the case for amendment of such order.  *See*

*People v. Bouchard*, (Colo. App. No. 19CA2071, Dec. 8, 2022) (not published pursuant to C.A.R. 35(e)).

¶ 4     Bouchard later filed the Crim. P. 35(b) motion that is the subject of this appeal. In addition to requesting a sentence reduction, she argued that the district court erred by levying a surcharge on each of her fifteen convictions because the statute only permitted the imposition of a single surcharge for the entire criminal action. The postconviction court denied Bouchard's request for a sentence reduction and found that the district court had correctly applied the surcharge to each conviction because the statute said that the surcharge should be levied "for each felony."

## II.     Standard of Review and Legal Authority

¶ 5     Although Bouchard asserted her challenge to the surcharges through a Crim. P. 35(b) motion, she clearly sought correction of a sentence not authorized by law, which is cognizable under Crim. P. 35(a). *See People v. Knoeppchen*, 2019 COA 34, ¶ 6, 459 P.3d 679, 681 ("[T]he substantive issues raised in a motion, rather than the label placed on such motion, . . . determine how the matter should be characterized."), *overruled on other grounds by, People v. Weeks*, 2021 CO 75, ¶ 47 n.16, 498 P.3d 142, 157 n.16; *see also Tennyson*

*v. People*, 2025 CO 31, ¶ 25, 569 P.3d 815, 823 ("[A]n illegal sentence includes a sentence that is not authorized by law because it fails to comply *in full* with statutory requirements."); *Waddell v. People*, 2020 CO 39, ¶¶ 1-2, 24-27, 462 P.3d 1100, 1103, 1107-08 (holding that the court's failure to impose the statutorily-mandated victims assistance surcharge rendered the defendant's sentence illegal and subject to correction under Crim. P. 35(a)).

¶ 6     A court may correct an illegal sentence at any time. Crim. P. 35(a). We review the legality of a sentence de novo. *Magana v. People*, 2022 CO 25, ¶ 33, 511 P.3d 585, 592. And "[w]hen the legality of a sentence turns on an issue of statutory interpretation, we review that issue de novo as well." *People v. Bice*, 2023 COA 98, ¶ 12, 542 P.3d 709, 713.

¶ 7     When interpreting a statute, our primary purpose is to ascertain and give effect to the General Assembly's intent. *Cowen v. People*, 2018 CO 96, ¶ 12, 431 P.3d 215, 218. "To do so, we look first to the language of the statute, giving its words and phrases their plain and ordinary meanings." *McCoy v. People*, 2019 CO 44, ¶ 37, 442 P.3d 379, 389. "We read statutory words and phrases in context, and we construe them according to the rules of grammar

3

and common usage." *Id.* "[I]f the language in a statute is clear and unambiguous, we give effect to its plain meaning and look no further." *Cowen,* ¶ 12, 431 P.3d at 218.

### III.    Analysis

¶ 8    Bouchard contends, the People concede, and we agree that the district court improperly imposed fifteen separate surcharges — one for each of Bouchard's convictions. We conclude that, in this case, the plain language of the victims assistance surcharge statute requires the imposition of a single surcharge.

¶ 9    As relevant here, section 24-4.2-104(1)(a)(I) says that "[a] surcharge equal to thirty-seven percent of the fine imposed for each felony . . . or a surcharge of one hundred sixty-three dollars for felonies, seventy-eight dollars for misdemeanors . . . , whichever amount is greater . . . , is levied on each criminal action resulting in a conviction."

¶ 10    First, the district court's reliance on the "for each felony" statutory language was misplaced because that clause only applies when a surcharge is based on a percentage of an imposed fine. Because the district court did not impose a fine on any of Bouchard's convictions, the flat $163 surcharge for felonies in "each

4

criminal action" — the greatest of the enumerated surcharge amounts — applies. *See id.*

¶ 11     We agree with Bouchard's argument that a plain reading of the statutory reference to "each criminal action resulting in a conviction" means that, when the court does not impose a fine in a criminal case that results in multiple convictions, it must impose a single surcharge and not a separate surcharge on each conviction. *Id.*; *see McCoy*, ¶ 37, 442 P.3d at 389; *Cowen*, ¶ 12, 431 P.3d at 218.

¶ 12     Specifically, we are convinced that "each criminal action" in the statute means a single criminal case, rather than each discrete jury finding of guilt. *See Cowen*, ¶ 14, 431 P.3d at 218 (In the absence of a statutory definition, we construe a statutory term in accordance with its ordinary and plain meaning, which may be drawn from "a definition in a recognized dictionary."); Black's Law Dictionary 36 (12th ed. 2024) ("[A]ction" means "[a] civil or criminal judicial proceeding."); *see also People v. Sterns*, 2013 COA 66, ¶¶ 11-12, 318 P.3d 535, 537-38 ("[T]he term 'action' is generally considered synonymous with the term 'case'"; "[t]he terms 'case' and

5

'action' are not synonymous, however, with the terms 'charge' or 'claim.'").

¶ 13 Additionally, we note that the reference to "each criminal action" in section 24-4.2-104(1)(a)(I) differs significantly from the language in the drug offender surcharge statute, which requires the imposition of that surcharge "[f]or each . . . felony or . . . drug felony of which a person is convicted." § 18-19-103(1), C.R.S. 2025; *see People v. Cattaneo*, 2020 COA 40, ¶¶ 44, 47, 471 P.3d 1186, 1195-96 (holding that section 18-19-103 required the imposition of a drug offender surcharge on each of the defendant's two drug convictions); *see also Hendricks v. People*, 10 P.3d 1231, 1238 (Colo. 2000) ("The legislative choice of language may be concluded to be a deliberate one calculated to obtain the result dictated by the plain meaning of the words." (quoting *City & County of Denver v. Gallegos*, 916 P.2d 509, 512 (Colo. 1996))). If the General Assembly had intended that persons convicted of multiple felonies in a single criminal action, but not ordered to pay a fine, pay a surcharge for each felony conviction, it could have employed the language in section 18-19-103(1) and referred to a surcharge "[f]or each . . . felony of which a person is convicted."

¶ 14 Lastly, we deem abandoned, and do not address, any claim that Bouchard made in her motion but did not specifically reassert on appeal. *See People v. Brooks*, 250 P.3d 771, 772 (Colo. App. 2010).

## IV. Disposition

¶ 15 The order is affirmed in part and reversed in part, and the case is remanded for the district court to correct the mittimus to reflect a victims assistance surcharge in the amount of $163.

JUDGE DUNN and JUDGE GRAHAM concur.